PAUL THERRIEN *v.* SAFEGUARD MANUFACTURING COMPANY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 7—decision released March 11, 1980

*John W. Lemega,* with whom were *Timothy W. Donahue* and, on the brief, *Thomas J. Hagarty,* for the appellant (defendant, third-party plaintiff).

*Robert D. McGann,* for the appellee (third-party defendant Torin Corporation).

PETERS, J. The sole issue on this appeal is whether a buyer of goods has an implied duty to protect a manufacturer-seller from liability for injuries sustained by one of the buyer's employees. This suit was initiated by a complaint filed by the plaintiff Paul Therrien against the defendant Safeguard Manufacturing Company alleging negligence, breach of warranty and strict liability arising out of the defendant's sale of a defective pullout guard for a machine press. The defendant thereupon filed a third-party complaint against the third-party defendant Torin Corporation alleging that Torin was liable to Safeguard for any loss sustained by it as a result of the plaintiff's injury. The trial court, *Missal, J.*, granted Torin's motion to strike the third-party complaint and rendered judgment for Torin when Safeguard elected not to plead over. Safeguard is here appealing from the judgment.

On review of the propriety of a dismissal of a complaint pursuant to a motion to strike, the facts are deemed to be those alleged in the complaint, here the third-party complaint, construed in the manner most favorable to the pleader. *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980); *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 (1973); *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418 (1967). The third-party complaint alleges that Safeguard sold a Model J Pullout Guard to Torin on December 2, 1971. At the time of the sale, Safeguard informed Torin, and instructed Torin's agents and employees, with regard to adjustments, inspections, and maintenance required by the pullout guard. The third-party complaint further

alleged that as a result of the sale under these circumstances, Torin was under a duty to Safeguard to control the use of the pullout guard and to make certain that it was properly adjusted, inspected, and maintained, and was bound to indemnify Safeguard for any losses or damages incurred because of Torin's breach of this obligation. The complaint does not allege an express contract of indemnification. Safeguard in its brief, and on oral argument, characterized Torin's duty as one arising out of an implied contractual obligation.

The difficulty with Safeguard's claim of implied contract is the lack of correspondence between the factual circumstances alleged in the third-party complaint and the duty said to arise therefrom. The claim of breach of an implied contract could be read to allege failure to perform duties imposed either by a contract implied in fact or a contract implied in law, also often called a quasi-contract. See Restatement (Second), Contracts § 5, comment (1973); 1 Corbin, Contracts §§ 18, 19 (1963); Calamari & Perillo, Law of Contracts § 1-12 (2d Ed. 1977). Neither form of implied contract is supportable by the allegations of this third-party complaint.

A contract implied in fact, like an express contract, depends on actual agreement; *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 406, 356 A.2d 181 (1974); *Corriveau* v. *Jenkins Bros.,* 144 Conn. 383, 387, 132 A.2d 67 (1957); *Freda* v. *Smith,* 142 Conn. 126, 134, 111 A.2d 679 (1955); *Collins* v. *Lewis,* 111 Conn. 299, 304, 149 A. 668 (1930); *Skelly* v. *Bristol Savings Bank,* 63 Conn. 83, 87, 26 A. 474 (1893); yet the third-party complaint nowhere alleges that Torin agreed, either by

words or action or conduct, to undertake any form of actual contract commitment to Safeguard. The receipt of instructions with regard to the safe use of a product is not per se tantamount to a promise to indemnify.

A contract implied in law requires, as a foundation, that there be an obligation created by law that imposes a duty to perform. Again, the third-party complaint fails to identify, and counsel for Safeguard has not identified in its brief or on oral argument, the basis upon which such a duty is to be implied. The law does not independently impose a quasi-contractual duty upon a buyer to indemnify a manufacturer for injuries sustained by the buyer's employees in the use of a defective product. *Roy* v. *Star Chopper Co., Inc.*, 442 F. Sup. 1010, 1019–1020 (D. R.I. 1977); *Robinson* v. *International Harvester Co.*, 44 Ill. App. 3d 439, 444, 358 N.E.2d 317 (1976); *Olch* v. *Pacific Press & Shear Co.*, 19 Wash. App. 89, 93–94, 573 P.2d 1355 (1978); 2A Larson, The Law of Workmen's Compensation § 76.44 (1976). If Torin's alleged failure to comply with indicated requirements for adjustment, inspection and maintenance of the defective pullout guard could be said to be tortious, its misconduct as a joint tortfeasor would not obligate it to indemnify Safeguard, since there is no contribution under Connecticut law between joint tortfeasors; *Gomeau* v. *Forrest,* 176 Conn. 523, 524–25, 409 A.2d 1006 (1979); unless the person from whom contribution is sought is the actively negligent party. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 411–12, 207 A.2d 732 (1965); *Preferred Accident*

*Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542, 52 A.2d 862 (1947). This too the third-party complaint fails to allege.

There is no error.

In this opinion the other judges concurred.