[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Town of Bristol moves to strike counts four, five and six of the plaintiff's complaint on the ground that they do not contain facts that would, if proved, support causes of action in contract, express or implied.
On August 9, 1988, plaintiff Escavar Construction, Inc., filed an amended six-count complaint sounding in contract against defendants, the Housing Authority of the City of Bristol (Housing Authority) and the City of Bristol (Bristol) seeking recovery for benefits allegedly inuring to defendants as a result of certain work performed by plaintiff on property owned by defendant Housing Authority.
The first count of plaintiff's complaint is directed against defendant Housing Authority and alleges the following facts. On or about May 18, 1987, plaintiff and defendant Housing Authority entered into a contract whereby plaintiff would renew the existing bituminous concrete and concrete walks on property known as Zbikowski Park and Dutton Heights. Said property is owned by defendant Housing Authority and located in Bristol, Connecticut. As part of its performance, plaintiff has provided additional bituminous concrete work for driveway aprons at the above-mentioned locations. Plaintiff has performed all work required under its contract with defendant Housing Authority. Defendant Housing Authority has not paid plaintiff for the additional work performed at the Dutton Heights location and as such there remains due and owing to plaintiff $15,450.00.
The second count is directed against defendant Housing Authority and alleges that pursuant to the request of defendant Housing Authority, plaintiff provided to defendant Housing Authority bituminous concrete work for driveway aprons at the Dutton Heights location. The plaintiff further alleges in count two of its complaint that such work performed by plaintiff constitutes a benefit to defendant Housing Authority. At all times relevant hereto, defendant Housing Authority knew plaintiff had performed the work and has appreciated the benefit conferred upon it.
The third count of plaintiff's complaint is directed against defendant Housing Authority and incorporates the allegations contained in count two of plaintiff's complaint. Count three further alleges that the conduct of defendant Housing Authority created an implied contract between plaintiff and defendant Housing Authority.
Count four of plaintiff's complaint is directed against defendant Bristol and incorporates the facts contained in count CT Page 16 one. Plaintiff further alleges in count four that defendant Bristol is a Connecticut municipality that has, pursuant to Conn. Gen. Stat. 8-40, created the defendant Housing Authority. Plaintiff further alleges in count four that, "Defendant, City of Bristol, by virtue of its creation of the Housing Authority of the City of Bristol is a real party in interest."
The fifth count of plaintiff's complaint is directed against defendant Bristol and incorporates the facts contained in count two. Plaintiff further alleges in count five of its complaint that the work performed by plaintiff has "inured to the benefit and will continue to benefit the City of Bristol and its residents, in that the work in place is more valuable and extensive than that which was called for by the original contract." Plaintiff further alleges that the City of Bristol, acting through its agents, servants and/or employees, knew that the plaintiff performed the work and has appreciated the benefit conferred upon it.
Count six of the plaintiff's complaint is directed against defendant Bristol and incorporates the facts contained in count five. Plaintiff further alleges in count six that "Defendant, City of Bristol's actual and/or constructive knowledge and acquiescence of the aforementioned benefits conferred upon it by virtue of plaintiff's work has created an implied contract whereby plaintiff should be paid for services it rendered and benefit it conferred upon defendant."
On October 11, 1989, defendant City of Bristol filed a motion to strike, pursuant to Conn. Practice Bk. 152 et seq., counts four, five and six of plaintiff's complaint on the grounds that these counts fail to allege facts that, if proved, would support a cause of action in contract. Defendant Bristol has filed a supporting memorandum of law. Plaintiff has filed a memorandum of law in opposition to defendant Bristol's motion to strike counts four, five and six of plaintiff's complaint.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' Practice Book 152." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. (Citation omitted). The court must construe the facts in the complaint most favorably to the plaintiff." Id. If the allegations in the complaint would, if proved, support a cause of action the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
Conn. Gen. Stat. 8-40 provides in pertinent part. CT Page 17
 "In each municipality of the state there is created a public body corporate and politic to be known as the `housing authority' of the municipality; provided such authority shall not transact any business or exercise its powers hereunder until the governing body of the municipality by resolution declares that there is a need for a housing authority in the municipality . . ."
Conn. Gen. Stat. 8-44 provides:
 An authority shall constitute a public body corporate and politic, exercising public powers and having all the powers necessary or convenient to a carry out the purposes and provisions of this chapter, including the following enumerated powers . . . (a) to sue and be sued; . . . to make and execute contracts and other instruments necessary or convenient to the exercise of the powers of the authority . . . (d) to own, hold and improve real or personal property . . .
Plaintiff is attempting to allege in count four of its complaint that defendant Bristol is liable to plaintiff based on contract theory for construction services rendered by plaintiff on property owned by defendant Housing Authority. Plaintiff does not allege, however, that it entered into a contract with defendant Bristol. Plaintiff does allege that it entered into a contract with defendant Housing Authority. It appears that plaintiff is seeking to impose liability on defendant Bristol for defendant Housing Authority's alleged breach of contract on the ground that, "Defendant City of Bristol, by virtue of its creation of the Housing Authority of the City of Bristol, is a real party in interest."
In Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(198), the Connecticut Supreme Court examined Part I of Chapter 128 of the General Statutes, Conn. Gen. Stat. 8-38 et seq., which authorizes the creation of housing authorities. In Gordon, the plaintiff was suing, inter alia, the Bridgeport Housing Authority (BHA) and the City of Bridgeport for injuries plaintiff's incapable sustained as a result of an attack on plaintiff's incapable in a housing project owned by the BHA.
In Gordon, the plaintiff's claim against Bridgeport alleged that the city negligently created a condition conducive to crime and failed to provide adequate security at the Housing Project. Id. at 163. The trial court in Gordon had granted Bridgeport's motion to strike the counts directed against it upon finding, inter alia, that the City had no duty to maintain security CT Page 18 devices in the housing project because BHA was an independent body "corporate and politic" and therefore not an agency of the City. Id. at 164.
The plaintiff in Gordon appealed the ruling to the Supreme Court, claiming that the trial court erred in ruling that as a matter of law the City did not stand in an agency relationship to the BHA. On appeal, the plaintiff in Gordon argued that an agency relationship exists "because the municipality has the power to create the [housing] authority under General Statutes8-40 and it has control over the BHA by the power to appoint and remove commissioners under General Statutes 8-41." Id. at 184.
In reviewing the plaintiff's claim in Gordon the Supreme Court stated:
 Although the finding of an agency relationship is ordinarily a question of fact . . . (citations omitted) the plaintiff is asserting an agency relationship based solely on the statutory scheme of part I of chapter 128 of the General Statutes. Therefore, unless the statutory scheme permits a finding of an agency relationship, there is no factual question to resolve. We conclude that part I of chapter 128 fails to permit a finding of an agency relationship. First, the city has no power to control the action of the BHA . . . Second, under the powers of the authority under General Statutes 8-44, the authority is not granted the power legally to bind the City.
Id. at 185.
In the present case the plaintiff is arguing that based on the City of Bristol's creation of the Housing Authority pursuant to Conn. Gen. Stat. 8-40, Bristol "is the real party in interest." Pursuant to the court's reasoning in Gordon, the defendant, City of Bristol is not the "real party in interest" merely by its creation of the housing authority pursuant to Conn. Gen. Stat. 8-40. We conclude that the plaintiff fails to allege facts in count four of its complaint that would, if proved, support a claim in express contract against Bristol. Accordingly, defendant Bristol's motion to strike count four is granted.
Plaintiff alleges in counts five and six of its complaint that defendant Bristol and its residents have benefited from the work plaintiff performed on defendant Housing Authority's property, in that "the work in place is more valuable and CT Page 19 extensive than that which was called for by the original contract." The plaintiff further alleges that the defendant City knew or should have known that the work was performed on the property and that "the defendant, City of Bristol's actual and/or constructive knowledge and acquiescence of the aforementioned benefits conferred upon it by virtue of plaintiff's work has created an implied contract whereby plaintiff should be paid for the services it rendered and benefit it conferred upon the defendant"
"The claim of breach of an implied contract could be read to allege failure to perform duties imposed either by a contract implied in fact or a contract implied in law, also often called a quasi-contract." Therrien v. Safeguard Manufacturing,180 Conn. 91, 94 (1980). "A contract implied in fact, like an express contract, depends on actual agreement." Id. The agreement forming a contract implied in fact is not expressed in words but is inferred from the acts and conduct of the parties. See Id. at 95; and Brighenti v. New Britain Shirt Corporation,167 Conn. 403, 406 (1974). "A contract implied in law requires, as a foundation, that there be an obligation created by law that imposes a duty to perform." Therrien, 180 Conn. at 95.
Counts five and six of the plaintiff's complaint do not contain facts that would, if proved, support a cause of action in contract, implied in fact or in law. Counts five and six are devoid of any allegations for which an agreement between plaintiff and defendant Bristol could be inferred. Moreover, counts five and six do not contain any facts from which a duty to perform on behalf of defendant Bristol could be inferred. Accordingly, defendant Bristol's motion to strike counts five and six of plaintiff's complaint is granted.
HENNESSEY, J.