[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was employed by the defendant as a Director of Nursing from August 1981 until January 16, 1989, when she was discharged. In a five-count complaint, the plaintiff sues for damages arising from her discharge. The plaintiff alleges that she was orally assured at various times during the last three years of her employment that "she would not be discharged as a result of Defendant's shift into use of group homes."
In count one, the plaintiff alleges that she relied on the defendant's assurances and did not seek employment elsewhere. She alleges that the defendant breached an express or implied contract between the parties by discharging her. In count two, the plaintiff alleges the defendant breached the collective bargaining agreement governing the terms and conditions of her employment. In count three, the plaintiff alleges negligent misrepresentation. In count four, the plaintiff sues for intentional infliction of emotional distress. In count five, the plaintiff sues for negligent infliction of emotional distress. In her prayer for relief, the plaintiff seeks damages, back pay and benefits, punitive damages, attorney's fees and costs, and other legal and equitable relief.
The defendant moves to strike count one, four and five, and the prayer for relief insofar as it seeks punitive damages, costs and attorney's fees.
DISCUSSION
A party may contest in the motion to strike "the legal sufficiency of the allegations of any complaint. . . the legal sufficiency of any prayer for relief." Conn. Practice Bk. Sec. 152 (1978, rev.d to 1989). "A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits CT Page 2322 all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985).
1. Count One:
In support of its motion to strike count one, the defendant argues that the plaintiff has not alleged sufficient facts to state a claim for breach of contract or for liability based on promissory estoppel. The plaintiff alleges that she was orally assured by executives and personnel directors that she would not be discharged.
In D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206 (1987), the plaintiff, a teacher, sued for breach of contract arising from representations by the defendant school that "all present faculty members will be offered contracts for next year." Id. at 211. The Supreme Court said that the Appellate Court incorrectly analyzed this allegation based on a contract theory. "A contract implied in fact, like an express contract, depends on actual agreement." Facts sufficient to show an express or implied contract must include allegations "that the defendants `agreed either by words or action or conduct, to undertake any form of actual contract commitment' to the plaintiff." Id. at 211-12, n. 2 (quoting Therrien v. Safeguard Mfg. Co., 180 Conn. 91, 94 (1980). The Supreme Court analyzed the contract count under the theory of promissory estoppel because the allegations did not suffice to state the existence of a contract.
Allegations of "assurances" that the plaintiff would not be discharged do not rise to the level of commitment to the plaintiff that she would not be fired. The plaintiff has not alleged facts sufficient to state a cause of action for breach of contract.
Additionally the plaintiff has not alleged sufficient facts to state a claim for promissory estoppel. "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Restatement (Second) Contracts Sec. 90(1) (1981); D'Ulisse-Cupo, 202 Conn. at 213; Finley v. Aetna Life 
Casualty Co., 202 Conn. 190, 205 (1987).
In D'Ulisse-Cupo, the plaintiff alleged that the defendant told her "that there would be no problem with her CT Page 2323 teaching certain courses and levels the following year, that everything looked fine for her rehire the next year, and that she should continue her planning for the exchange program." D'Ulisse-Cupo, 202 Conn. at 214. Also, the plaintiff alleged that a notice on a bulletin board stated "[a]ll present faculty members will be offered contracts for next year" and that she was told that the school would do everything possible to avoid discharging teachers. Id. at 214-15. The Appellate Court denied a motion to strike the plaintiff's promissory estoppel claims based on the above allegations, but the Supreme Court reversed, finding that "these representations are neither sufficiently promissory nor sufficiently definite to support contractual liability. . . they stopped short of making the plaintiff a definite promise of employment on which she could reasonably have relied." Id.
In this case, the plaintiff alleges in count one that she "relied to her detriment upon such assurances, and gave up her right to seek and obtain full-time employment elsewhere." The plaintiff's allegations set forth facts that are less sufficient to state a claim for promissory estoppel than the facts alleged by the D'Ulisse-Cupo plaintiff. The plaintiff has not alleged that the defendant made any "promise" to do anything nor has she alleged that the defendant should have reasonably expected the plaintiff to rely on the alleged assurances. That as alleged, the assurances do not rise to the level of a promise on which the defendant should have expected the plaintiff to rely.
The motion to strike count one is granted for failure to allege facts sufficient to state a cause of action for breach of contract or for promissory estoppel.
2. Count Four
In count four, the plaintiff, incorporates the allegations in count one and states that the discharge was outrageous, done with malice and that the defendant intentionally inflicted severe emotional and physical distress on the plaintiff. The defendant argues that the facts alleged do not sufficiently state a claim for intentional infliction of emotional distress.
Four elements must be established to prevail in a cause of action for intentional infliction of emotional distress.
 It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct CT Page 2324 was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petyan v. Ellis, 200 Conn. 243, 253 (1986) (citations omitted).
The plaintiff has alleged that her discharge was outrageous because she was "orally assured. . . that she would not be discharged." This factual allegation does not rise to the level of "extreme and outrageous conduct." The plaintiff has not alleged facts sufficient to state a cause of action for the intentional infliction of emotional distress.
3. Count Five
In count five, the plaintiff incorporates the facts alleged in count one, and further alleges that the defendant negligently caused her emotional distress by the discharge. The defendant argues that the plaintiff is barred from suing her employer in negligence because the Workers' Compensation Act, Conn. Gen. Stat. Sec. 31-275 et seq., provides the exclusive remedy for negligently inflicted injuries.
The Supreme Court has held "that to be outside of the purview of Section 31-284(a), the employer must have engaged in intentional misconduct. . . directed against its employee. . . Anything short of `genuine intentional injury' sustained by the employee and caused by the employer is compensable under the Act." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 533-34
(1985) (citations omitted). Although the appellate courts have not addressed the factual situation here, a federal court and several superior courts have held that the Workers' Compensation Act bars negligent infliction of emotional distress suits against employers arising from the employee's termination. Ellis v. Pray Automobile Corp., Civ. No. B-88-599 (D. Conn. February 13, 1990); Salzberg v. Gateway Bank, 1 CLR 550 (Landau, J., April 26, 1990); Deak v. O'Neill Chevrolet and Buick, Inc., 2 CSCR 432 (O'Neill, J., March 4, 1987); Di Nocola v. Bayer Cadillac Oldsmobile, Inc., 12 CTL 17 (full text) (Flynn, J., September 30, 1985). But See Mosley v. Housing Authority, 4 CSCR 3 (McDonald, J., November 14, 1988) (motion to strike denied because termination does not arise within the relationship required under the statute).
The Workers' Compensation Act bars the plaintiff's suit CT Page 2325 for the negligent infliction of emotional distress and count five is therefore stricken.
4. Claims for Relief
a. Punitive Damages
The plaintiff requests punitive damages in paragraph three of her prayer for relief. "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Kenny v. Civil Service Commission,197 Conn. 270, 276 (1985). The Court striking the plaintiff's count sounding in intentional infliction of emotional distress, then it should also strike the prayer for punitive damages as that is the only count alleging conduct for which punitive damages are available.
b. Attorney Fees and Costs
The plaintiff requests attorney's fees and costs in paragraph four of her prayer for relief. It is not necessary to request costs in the prayer for relief. Conn. Practice Book Section 140.
Absent contractual or statutory authorization, each party is responsible for his or her own attorney's fees. Gino's Pizza of East Hartford, Inc., 193 Conn. 135, 139
(1984). The plaintiff has not alleged contractual or statutory authority for attorney's fees. Therefore, the Court strikes paragraphs three and four of the plaintiff's prayer for relief.
The Court therefore strikes counts one, four and five of the plaintiff's complaint, and paragraphs three and four of the plaintiff's prayer for relief.
DUNN, J. CT Page 2326