[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE (#135)
The co-defendant, Isabelle Bok, has filed a motion to implead Carl J. Palmieri and Laurel Palmieri as third party defendants. The third party defendants have filed a motion to strike the third party complaint claiming the allegations are legally insufficient to state a claim upon which relief can be granted.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (citing Connecticut Practice Book 152). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint most CT Page 4041 favorably to the plaintiff." Id. The motion to strike does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings. Mingachos v. C.B.S., Inc., 196 Conn. 91,108 (1985).
The general rule in Connecticut is that there is no right of indemnity or contribution between joint tort-feasors. Therrien v. The Safeguard Manufacturing Co., 180 Conn. 91, 95
(1980); Gomeau v. Forrest, 176 Conn. 523, 524-25 (1979). A third party plaintiff who is only secondarily negligent, may recover from a third party defendant whose negligence is primary. Weinthrop v. Richard and Don, Inc., 188 Conn. 570
(1982). In order to sustain such a recovery, however, one must allege the four requisite requirements set forth in Kaplan v. Merberg Wrecking Corp., 152 Conn. 405 (1965). In this case the court established four criteria for indemnification. The third party plaintiff is required to prove:
(1) That at the time of the incident, the third party defendant was negligent;
(2) That his negligence, rather than the negligence of the party found chargeable, was the direct and immediate cause of the incident;
(3) That he controlled the situation to the exclusion of the plaintiff: and,
(4) That the plaintiff did not know and had no reason to know of his negligence, and could reasonably rely on him not to be negligent.
The cross complaint in the present case does not, and cannot, satisfy the exclusive control requirement of the Kaplan test. The cross complainant, "Bok", admits in the pleading that Carl J. Palmieri was not at home during the episode. Further, the main claim arises from Kevin and Keith Bok's assault on Kenneth Fortin. While the Kaplan test applies to active-passive negligence situations, it does not apply to intentional torts. However, even if Kaplan were to apply, the court would be hard-pressed to find that a third party could be exclusively responsible for a primary defendant's intentional conduct. The Bok third party complaint fails to satisfy the exclusivity element required under Kaplan v. Merberg. Thus, the court need not consider Atkinson v. Berloni, 23 Conn. App. 325 (1990) which added an additional element: that "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id. at 328. CT Page 4042
In her Memorandum in opposition to Motion to Strike, the defendant-third party plaintiff, Isabelle Bok, maintains she is entitled to contribution and to those rights accorded to her under Connecticut Tort Reform and more particularly by 52-572h. Isabelle Bok claims she is entitled to a reduction in any judgment rendered against her to the extent of any percentage of liability attributed to any other defendants who may be joined in the action. However, the defendant-third party plaintiff encounters three problem areas with the third party complaint she has filed here.
Section 52-572h(g) applies only to defendants against whom the original plaintiff asserted a claim. Carl and Laurel Palmieri are presently not defendants as to Kenneth Fortin's claim. Carl and Laurel Palmieri will not be liable defendants as contemplated by Section 52-572h(g) unless and until Fortin asserts a claim against them. See Gurton v. Board of Education, 3 Conn. L. Rptr. No. 18, 592 (April 29, 1991).
Further, in Vahey v. Dodson, 3 Conn. L. Rptr. No. 3, 91 (January 14, 1991), the plaintiff sued several defendants , one of whom then filed a third party complaint against another defendant. Even in that situation, it was ruled that a cause of action for contribution attaches only after any final judgment and the occurrence of the reallocation provided for in52-572h(g). See also Rondeau v. Ritenour, 1 Conn. L. Rptr. 413
(1990), which held the right to contribution arises only after 1) the plaintiff's claim has gone to a final judgment, 2) the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so, 3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, 4) a reallocation is made by the court, and 5) a defendant is actually required to pay an amount in excess of his share of the original judgment.
Finally and dispositive of this motion to strike is that Isabelle Bok's third party complaint seeks indemnification and contribution despite her claims to the contrary. She does not and can not satisfy the requirements for same and in particular the exclusive control requirement.
The general rule in Connecticut remains that there is no right of indemnity or contribution between joint tort feasors. Therrien v. Safeguard Manufacturing Co., 180 Conn. 91, 95
(1980); Gomeau v. Forrest, 176 Conn. 523, 524-525 (1979); Fox v. Fox, 168 Conn. 592 (1975).
However, there may be other ways available to Isabelle Bok by either Statute or Practice Book rule which will enable her to CT Page 4043 join other parties to insure that each party who is liable in this action may be available to pay that party's proportionate share of the damages.
The objection to the motion to strike is overruled and the motion to strike is granted.
BALLEN, JUDGE.