[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
CT Page 8680COUNT TWO OF COUNTERCLAIM
On May 3, 1994, the plaintiff, Robert B. Smith, a former constable of the Town of East Lyme, filed a four-count amended complaint against the defendants, Town of East Lyme and David L. Cini (Cini), the First Selectman of the Town of East Lyme. In his complaint, the plaintiff alleges the following facts.
Prior to February 15, 1991, the plaintiff had made a claim for benefits under General Statutes § 7-433c. On February 15, 1991, the plaintiff and the defendants entered into an agreement "based upon" the plaintiff's claim under General Statutes § 7-433c. Pursuant to their agreement the defendants agreed to pay to the plaintiff two-thirds of his wages and to maintain the plaintiff's insurance benefits for the duration of the plaintiff's disability. The defendants breached this agreement by failing to make the required payments and by substantially altering the plaintiff's health insurance benefits. As a direct and proximate cause of the defendants' conduct, the plaintiff sustained damages and personal injuries.
On June 21, 1994, the defendants filed an answer, special defenses and a two-count counterclaim.
On June 28, 1994, the plaintiff filed a motion to strike the second count of the defendants' counterclaim. The plaintiff has filed an accompanying memorandum of law.
On July 11, 1994, in response to the plaintiff's request to revise the defendants' third special defense the defendants filed an amended answer, special defenses and a two-count counterclaim.
On July 11, 1994, the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike.
Discussion
A motion to strike is the proper vehicle by which to test the legal sufficiency of a special defense. Practice Book § 152(5). The motion to strike admits all facts well pleaded.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). CT Page 8681 "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991).
The defendants allege the following facts in the second count of their counterclaim. On February 15, 1991, the plaintiff and the defendants entered into a temporary agreement to provide the plaintiff with benefits until the plaintiff was able to obtain benefits through workers compensation or some other form of disability payments. Pursuant to said agreement, the plaintiff was to diligently pursue his compensation rights. Since November 10, 1992, the plaintiff has failed to pursue his rights in breach of the agreement.
The defendants further allege that in November, 1992, the plaintiff and the defendants began negotiating a modification agreement, the terms of which were agreed upon. Cini, at a Board of Selectmen meeting on or about May 17, 1992, voted to enter into the modification in reliance of the plaintiff's acceptance of the negotiated terms, and in good faith proceeded to implement the terms of the modification. The defendants, acting in reliance upon the modification, were falsely accused of breaching the temporary agreement, subjected to a temporary injunction and wrongfully prohibited from terminating the plaintiff's benefits.
The plaintiff argues that the second count of the defendants' counterclaim should be stricken because it does not state a cause of action recognized by Connecticut law. The defendants argue that their allegations would support a cause of action for either breach of contract or promissory estoppel.
"A contract implied in fact, like an express contract, depends on actual agreement." Therrien v. Safeguard Mfg. Co.,180 Conn. 91, 94, 429 A.2d 808 (1980). The defendants have alleged that after extensive negotiation, "the terms of a Modification Agreement were agreed upon." Whatever the proof at trial may be, the defendants have sufficiently alleged that the plaintiff "agreed, either by words or action or conduct, to undertake any form of actual contract commitment" to the defendants. See id., 94-95. Thus, the plaintiff's motion to CT Page 8682 strike the second count of the defendants' counterclaim is denied.
Leuba, J.