[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Paul Boyne, Administrator for the Estate of Helen Boyne, instituted this action against the Defendants, Apex Dynamics, Inc. ("Apex") and Arterburn Home, Inc. ("Arterburn") for injuries allegedly sustained by Helen Boyne in an accident which occurred on August 20, 1995. Apex subsequently brought a cross claim against the Arterburn seeking indemnification and contribution.
Pursuant to Connecticut Practice Book § 151 et seq, Arterburn has moved to strike the cross claim brought by Apex for the reason that the claim of indemnification is legally insufficient. Specifically Arterburn claims that there is no express or implied contractual duty of care owed by them to Apex that creates an obligation to indemnify Apex.
The plaintiff further alleges that Helen Boyne sustained personal injuries and died as a result of the of the failure of a patient lift called the Liftran-330. The complaint claims negligent operation of the device by Arterburn.
Apex engaged in the sale and distribution of the Liftran-330 and Arterburn purchased the lifting device sometime prior to August 20, 1995. There is no express contract of indemnification between Arterburn and Apex. The legal basis of Arterburn's motion CT Page 6981 is based upon this absence of contract which they assert negates any duty of care on their part. It does not appear that Arterburn has made the same argument with regard to Apex's claim for contribution. The motion, therefore, appears only to be addressed to the claim for indemnification.
Apex seeks to support its claim for indemnification by relying on the case of Malerba v. Cessna Aircraft Co., 210 Conn. 189
(1989). Apex points out that common law indemnification within the context of a product liability claim has not been abrogated by the adoption of the Connecticut Product Liability Act. Additionally, Apex argues that it has plead the elements necessary to establish an indemnification claim.
Although the cases cited by Apex do support the argument that a claim for indemnification is allowed in this type case Apex ignores the holding of Therrien v. Safeguard Manufacturing Co.,180 Conn. 91 (1980), which stands for the proposition that a duty of care is an essential element of a viable indemnification claim. See also Robbillard v. Asahi Chemical Co., 44 Conn. Sup. 510
15 CONN. L. RPTR. 425 (1995). In this case the user of the product (Arterburn) supplied by the seller (Apex) does not owe any duty of care in connection with the use of item such as to create a duty upon the user to indemnify the supplier. The portion of Apex's cross-claim as against Arterburn seeking indemnification is stricken, the claim for contribution is not.
Thomas V. O'Keefe, Jr., Judge