[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is an action by the plaintiff against his former employer. This case arises out of a terminated employment relationship between the plaintiff, Richard MacDonald, and the defendant, Robert Pinto. The plaintiff claims that the parties had reached an oral agreement, whereby he would work for the defendant exclusively, and receive 25 percent of payables less the cost of materials, tooling and outside processing. The plaintiff claims that the defendant breached this agreement by only paying him $500 to $700 per week.
Subsequent to the trial and having reviewed the Post-trial briefs, the court finds that following facts. On or about March 19, 1992, defendant Robert Pinto began doing business as Pinto Associates, in Glastonbury, Conn. The defendant hired the plaintiff to work for him as an independent contractor. In addition to the plaintiff, the defendant also hired Steve Bilan. The three men met to agree upon the terms of employment. The contract of employment was an oral contract. The defendant paid the plaintiff between $500-700 per week, depending on cash-flow. As time went on, the defendant hired other individuals to work for him. Initially, the majority of the defendant's employees were classified as independent contractors. The defendant was advised that these employees were not truly independent contractors. In 1995 the defendant told the plaintiff that he had been cautioned to change his employment practice by going to a payroll system; however, the plaintiff was not going to be put on salary. On March 30, 1995, the plaintiff terminated his employment with the defendant. The defendant notified the plaintiff through his attorney that he was entitled to $9,602.17, which represented twenty-five percent of the difference between the accounts receivable and the accounts payable as of March 30, 1995. The plaintiff refused to accept this amount. The plaintiff demanded to be paid 25 percent of the accounts payable less the cost of materials, tooling and outside processing for each of the CT Page 5774 years he was an employee of the defendant. That amount, according to plaintiffs counsel, is approximately $83,548.00.
Each party disputes the other's representation of the precise terms of the oral contract regarding salary. As stated earlier, the plaintiff contends that the amount he was to be paid equals 25 percent of the payables less cost of materials, tooling and outside processing. The defendant maintains that the agreement was that the plaintiff would be paid 25 percent of the new cash flow of the business and upon the termination of the employment relationship, would receive 25 percent of the difference between the accounts receivable and the accounts payable. The defendant claims that there was no minimum or maximum salary agreed to: that he would pay what he could, depending on the contracts he obtained.
"In order to sustain an action for breach of express or implied warranty there has to be evidence of a contract between the parties". Hamon v. Digliani, 148 Conn. 710, 712, 174 A.2d 294
(1961). To prevail in a breach of contract action the existence of this agreement must be proven by a preponderance of the evidence. D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 212 n. 2, 520 A.2d 217 (1987); Therrien v.Safeguard Mfg. Co., 180 Conn. 91, 94-95429 A.2d 808 (1980).
Both parties agree that the defendant informed the plaintiff that he would not be able to pay a lot until the business got up and running. They also agree that both parties understood that initially, the defendant would pay what he could out of the invoices.
Mr. Bilan testified that the oral agreement was that the defendant would pay 25 percent of the accounts receivable, less the accounts payable upon termination of the employment relationship. He also testified that the defendant was to pay him 25 percent after payables and receivables on a weekly basis. Unfortunately, though Mr. Bilan was privy to their discussions, his testimony does not clarify which party is accurately reporting the terms of the oral agreement. In fact, from Mr. Bilan's testimony, it is not clear that he was a party to either the agreement as reported by the plaintiff or the agreement as reported by the defendant. His testimony does not bolster one party's version, over the others.
The plaintiff claims that the defendant prevented him from CT Page 5775 having access to the records necessary to fully establish the amount of damages to which he is entitled. Using tax returns of the defendant, the plaintiff attempted to provide evidence to support his damages claim. However, the plaintiff testified during the trial that records he would need to establish his claim had been destroyed.
In order to meet his burden of proving the breach of contract claim, the plaintiff must at least establish the existence of a contract. The plaintiff has failed to sufficiently do this. Though this court receives with a fair amount of skepticism the defendant's claim that his initial agreement was to pay the plaintiff no definite amount, the facts do not support a finding of that there was a contract, pursuant to which the plaintiff would be paid, on a weekly basis, one quarter of the payables, less the cost of materials, tooling and outside processing. Nor do the facts adduced at trial provide a basis for a determination of damages. Regarding damages, "in an action for breach of contract, the general rule is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that he would have been in had the contract been performed." Lar-Rob Bus Corp. v. Fairfield,170 Conn. 397, 405, 365 A.2d 1986 (1976). The plaintiff has failed to meet his burden of establishing what, if any his damages are.
Therefore, this court finds that the plaintiff has not met his burden of proving the breach of contract claim. In his Supplemental Post-Hearing Brief, the plaintiff indicated that he was abandoning his CUTPA claims. Thus, this court need not address that issue.
ANGELA CAROL ROBINSON, JUDGE, SUPERIOR COURT