[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Robert L. Gould, filed a complaint containing two counts. In the first count, which is directed against the defendant, Robert A. Hall, Jr., an attorney, the plaintiff alleges that on or about May 13, 1982, he was the managing partner and held 80% of the ownership interest in a general partnership, Kingsley Associates, that owned an apartment building known as Kingsley Court in Norwalk; that the defendant Hall held an 8% interest in the partnership as trustee; that although the partnership was due to expire in May of 1982, the plaintiff's interest in the partnership had not been liquidated and continues to exist; that in November, 1996, the defendant Hall, purportedly acting as a general partner on behalf of and for the partnership, Kingsley Associates, conveyed eight residential units or apartments belonging to Kingsley Associates to himself as trustee without any authority from either the CT Page 15590 plaintiff or the partnership; and that the defendant was the attorney for both the plaintiff and the partnership and he had breached his duties thereto. The second count of the complaint is directed against Robert A. Hall, Jr. as trustee. The plaintiff seeks a reconveyance of the eight lots to the partnership, Kingsley Associates.
In their answers to the complaint, Hall and Hall, trustee, denied any liability to the plaintiff. Robert Hall signed an affidavit dated May 22, 1997, to the effect that the conveyance of the lots to himself as trustee was "a fair and equitable partition of the parties' respective interest" in the assets of the partnership. The defendants also filed a counterclaim containing three counts. In the first and the second counts the defendants allege that the partnership expired in May of 1992, but that the parties were unable to wind up its affairs. The defendants also contend in the third count of the counterclaim that the plaintiff agreed in September, 1988, that the defendant Hall was entitled to a condominium conversion fee of $175, 000 for converting 73 units to a condominium form of ownership at the rate of $2,054.79 on each sale of a unit, and $25,000 at the time of the last sale. The defendant Hall claims he is owed $29,000 and that the plaintiff is responsible for $21,029.35 of that total because of the percentage of the plaintiff's ownership interest in the partnership. The defendant Hall states that 51 of the 73 units had been sold at that time. The defendants also seeks to recover $50,000 for the balance of the conversion fee, a dissolution of the partnership, the appointment of a receiver and a partition of the remaining real estate.
The case was referred to Attorney Barbara A. LaVoy, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 19-2. The referee submitted a report finding the following facts: (1) the defendant, Robert Hall, prepared the 1982 partnership agreement as the attorney for the plaintiff's father, Harry Gould, who was the majority owner and managing partner of Kingsley Associates; (2) Harry Gould died in 1985 and his interest in the partnership was conveyed to his son, Robert Gould, the plaintiff; (3) Hall as an attorney never billed the plaintiff or the partnership for his legal services, and the plaintiff was unable to produce any bills or other evidence that Hall was rendering legal services to him or to the partnership; (4) the apartments were converted to condominiums in September, 1987, and the partnership, by its terms, was due to expire on May 13, 1992; (5) 51 units were sold, and 22 units CT Page 15591 remain unsold; (6) Hall conveyed the eight units to himself as trustee without any authorization; (7) the parties cannot agree on an orderly dissolution of the partnership; and (8) Hall was unable to produce any written agreement with either the plaintiff or the partnership entitling him to $175,000 for services rendered in connection with the condominium conversion.
The attorney trial referee concluded, on the basis of the above findings of fact, that (1) the plaintiff had not proved that Hall had rendered legal services to himself or to the partnership; (2) Hall rendered legal services only to and on behalf of Harry Gould; (3) the eight units that Hall conveyed to himself as trustee, without authority from the plaintiff or the partnership, should be reconveyed to the partnership; (4) Mr. Edward Schecter, an accountant, who was appointed temporary receiver by agreement of the parties, should be appointed a permanent receiver to supervise the orderly dissolution of the partnership; and (5) the defendants did not prove that the plaintiff breached an "express contract" to pay Hall a condominium conversion fee, and the defendants did not request "alternative relief . . . in the form of quasi contract" and therefore Hall was not entitled to any additional money for his conversion activities.
Pursuant to Practice Book § 19-12, the defendants moved to correct the referee's report[1] in the following respects: (1) the referee's reference to a business record being admitted into evidence but "not for its truth" should be corrected to read that this record was evidence that Hall was due money for his conversion activities; (2) the "agreement" with Gould and the partnership for a conversion fee, as alleged in the counterclaim, was not limited to an "express" contract or to a "written" agreement but also included "a contract implied in fact;" (3) the payments previously made to Hall manifest an intention on the part of the plaintiff to pay him a condominium conversion fee in the amount claimed; and (4) Hall is entitled to recover $53,803.70 as the balance due for his conversion fee.
The attorney trial referee declined to make any substantive changes in her report or recommendations in response to the defendant's motion to correct.
Although the file does not reveal that the defendants filed exceptions to the report as authorized by Practice Book §19-13,[2] they did file objections to the report dated February CT Page 15592 2, 1999, as authorized by Practice Book § 19-14.[3] The objections reiterate the claims asserted in the motion to correct, i.e., (1) that the referee should have accepted a statement by Schecter in an accounting document that Hall was due money "for conversion fees" as evidence of the truth of the defendants' counterclaim for fees; and (2) that the defendants are not limited to proving an express written agreement but are entitled to recover on a contract implied in fact.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. In this particular case, however, without exceptions having been filed, the court is bound to accept the factual findings by the referee.Tarka v. Filipovic, 45 Conn. App. 46, 54, 694 A.2d 824 (1997). See also Beizer v. Goepfert, 28 Conn. App. 693, 707,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). CT Page 15593
Since the factual findings by the referee cannot be overturned in this case, the remaining task is to "evaluate . . . the attorney referee report as it applies the law to the facts."Tarka v. Filipovic, supra, 45 Conn. App. 53. The first point to note concerns the objections filed by the plaintiff. It is axiomatic that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
Thus, the factual findings of the attorney trial referee must stand uncorrected, including the fact that, according to the referee, there was no express agreement with the plaintiff entitling Hall to the conversion fees he sought in the counterclaim. The referee remarked in this connection that she found the plaintiff's testimony credible, but that the defendant Hall's testimony on his claim for fees was not believable. It is obvious that the referee chose to believe the testimony offered by the plaintiff. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court."Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
Furthermore, as to the defendants' contention that they are entitled to recover a conversion fee on the theory of an "implied contract," the referee points out that the counterclaim CT Page 15594 specifically refers to an agreement dated September 30, 1988 regarding these fees.[4] The defendants, however, were never able to locate and submit an agreement signed by the plaintiff. In other words, the defendants did not contend in their counterclaim or in their proof at trial that there was an implied agreement about fees, but rather attempted to convince the referee that there was a signed, express agreement of a certain, specific date, but were not successful. The referee made a finding of fact that the defendants failed to prove their counterclaim which contended that there was such an agreement with the plaintiff, and that fact must stand in the absence of exceptions.
The counterclaim, that is, did not contain an allegation of quasi contract, a contract implied in fact, or unjust enrichment. The counterclaim was alleged and tried on the basis of an express, written contract. Therefore, the attorney trial referee was justified in refusing to award a conversion fee to the defendant Hall on some theory neither pleaded nor proved.
Even if the referee should have discussed a contract implied in fact, such a contract "depends on an actual agreement that there be an obligation created by law that imposes a duty to perform . . ." Therrien v. Safeguard Mfg. Co., 180 Conn. 91, 94,429 A.2d 808 (1980). In addition, whether there was such an agreement is "ultimately [a] question[s] of fact . . ." Rahmativ. Mehri, 188 Conn. 583, 587, 452 A.2d 638 (1982). The referee found that the defendants failed to prove that there was an agreement that the plaintiff would pay fees to the defendant Hall.
With respect to the admission of the accounting or audit report by Schecter dated November 6, 1995, as a business record, the court agrees with the defendants' claim that a business record is in evidence for all purposes, including the "truth" thereof. Although the attorney trial referee's use of the word "truth" may have been a bit confusing, in the context in which it appears it seems clear that she was simply indicating that the Schecter report concerning fees due to Hall was not automatically binding on her just because it was a business record, but rather that it was just one of several factors that she considered before concluding that the defendants had not proved their counterclaim for fees.
Therefore, based on the standard of review outlined in ElgarCT Page 15595v. Elgar, supra, 238 Conn. 848-49, the referee's report and recommendations are accepted. No material error in the report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 19-17(a).
Judgment therefore enters in accordance with the report of the referee that Mr. Schecter is hereby appointed permanent receiver to wind up the affairs of the partnership, and judgment enters in favor of the plaintiff as to the counterclaim filed by the defendants.
No costs are to be taxed.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of December, 1999.
William B. Lewis, Judge