[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff has brought an action against the defendant for breach of contract. He claims that Janiec promised him, Zukowski, that he would purchase one half of his interest in the two companies owned by the parties by assuming its debt including the two Fleet Bank loans. The plaintiff testified that he and Janiec shook hands and Janiec assumed the position as the company's new chief executive officer. He changed the locks, the banks accounts and ran the business. Toward the end of the year 2000, he simply formed a new entity, JE Mechanical, Inc., and proceeded to conduct business with former JE/DIMA customers. He kept JE's phone number, their address and their employees. Up until today, JE Mechanical, Inc. continues to use $160,000 worth of equipment which belonged equally to the two stock holders.
The plaintiff claims that he is entitled to be placed in the same position as he would have been in had Janiec fully performed under the parties' agreement. That means that Zukowski is entitled to be reimbursed $130,330.34 that he paid to Infinite, Ford Motor Credit and Fleet Bank. He also claims title to the JE vehicles, the 1997 Ford F150 and the 1998 Infinite I-30 should be forthwith transferred to him. He also believes that he should be indemnified on the Fleet Bank $50,000.00 DIMA loan or any other indebtedness of the two companies. Both companies should thereafter be dissolved.
The plaintiff bases his claims upon a meeting with the defendant on December 15, 1999. At that time Janiec apparently felt the businesses were not doing well and he wanted them to break up. He told Zukowski that he would purchase his interest in both companies in exchange for Janiec assuming all company debts. Zukowski could walk away from the business with no further indebtedness or responsibilities and Janiec was to assume all of the debts in consideration of Zukowski leaving the business. After CT Page 13383 reaching this agreement, both parties consulted counsel to try to work out the details of the agreement. After some exchange of letters between counsel, the agreement fell apart and the plaintiff brought this lawsuit. Attorney Irving, representing Janiec, prepared two separate stock purchase agreements one for JE and one for DIMA based upon the oral agreement between the parties. There was then the exchange of letters and the agreement fell apart.
The court finds that Zukowski's proof as presented in the evidence was consistent with his pleadings. He testified that in late February, 2000, Janiec had ceased payment on two of JE's vehicles used by Zukowski and his wife. Infinite Financial Services sought the balance of $19,476.41 due on JE's 1998 Infinite I-30, which had been driven by Diane Zukowski. Infinite had threatened to repossess the vehicle. Zukowski testified that he subsequently borrowed $19,476.41 to pay off that loan by way of a new installment loan in his own name. He therefore seeks that amount in damages. Similarly, Janiec ceased payment on Zukowski's 1997 Ford F150 pickup truck also registered to JE Mechanical Services, Inc. Zukowski was also forced to pay off the balance on that vehicle because the company ceased making payments. It cost him $6,699.92 to pay for the Ford pickup truck. Zukowski therefore seeks that amount in additional damages. Zukowski also produced evidence that Fleet Bank demanded repayment of both of these loans through JE and DIMA. Both Zukowski and Janiec were subject to demands for payments of Fleet's loan to the companies by virtue of personal guarantees from both Zukowski and Janiec. There was a $150,000.00 line of credit with Fleet Bank. Because J E stopped making installment payments on the loan from Fleet bank and Zukowski's house was threatened with foreclosure for failure to pay, he borrowed $113,154.31 to pay off the Fleet Bank loan in May, 2001. Since he paid off the loan, he seeks that amount as additional damages. Zukowski also testified that DIMA had an unsecured loan of $50,000.00 from Fleet Bank. Fleet Bank demanded repayment of this loan which was also personally guaranteed by Zukowski and Janiec. Although Fleet Bank has not been paid, Zukowski seeks indemnification from Janiec for this debt as well because of his promise to take over the company debts.
Zukowski also testified that he was forced to live on credit cards and had to purchase $10,000.00 worth of new tools to begin a plumbing business from scratch.
 DISCUSSION
The Connecticut Supreme Court has stated that a "contract implied in fact, like an express contract, depends on an actual agreement." Therrionv. Safeguard Mfg. Co., 180 Conn. 91, 94 (1980). Thus, liability in contract flows from a breach of promise when the promisor makes a promise CT Page 13384 which "should reasonably be expected to induce action or forbearance on the part of the promise . . ." D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School 202 Conn. 206, 213 (1987).
In this case the court finds that the evidence was overwhelming, that Zukowski and Janiec "shook hands" on a deal designed to transfer Zukowski's stock in both companies in exchange for Janiec's assumption of JE and DIMA debts. Janiec, in fact, hired counsel to prepare the stock purchase agreements. He even paid Fleet Bank for almost one year on both the JE and DIMA loans until defaulting in December, 2000. JE and DIMA's default resulted in Fleet Bank's demand letters against the plaintiff as a result of which the plaintiff paid them off rather than lose his house.
The court finds that Zukowski changed his position in reliance of Janiec's promise. He left JE, started his own business and purchased his own set of tools so that he could begin over again consistent with his agreement to transfer his interest in JE and DIMA. Janiec also took action in reliance of the parties' agreement notifying supply houses that Zukowski was no longer involved, changing the locks on the storage lockers and securing company records.
The measure of damages for breach of contract, whether an expressed or implied contract, is that the award should place the injured party in the same position he would have been in had the contract been performed.Grazo v. City of Stamford. 255 Conn. 245, 265 (2001). The court, therefore, finds that applying this standard to the facts at hand, Zukowski should be put in the same position he would have been in had Janiec fulfilled his agreement. Zukowski would, therefore, not have to pay $19,476.41 to Infinite, $6,699.92 to Ford Motor Company or $113,154.31 to Fleet Bank. Furthermore he should not be liable to Fleet bank if it pursues collection of the $50,000.00 DIMA unsecured loan. The court also finds that if Janiec had fulfilled his part of the bargain he would have owned and operated a going business with over $1,000,000.00 in gross sales, $160,000.00 in equipment and work in progress. Instead, he ran JE as his own to the exclusion of Zukowski and then formed his own new company keeping the phone number, employees and JE equipment for himself. Zukowski is thus entitled to the benefit of his bargain for damages in the amount of $130,330.34. Accordingly, the court enters judgment in favor of Zukowski as against Janiec in the amount of $130,330.34 plus indemnification if necessary on the DIMA loan.
D. Michael Hurley, Judge Trial Referee