[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COUNT TWO OF THE PLAINTIFF'S COMPLAINT (#103)
On April 26, 2002, the plaintiff, Michael Cahill, filed a two count complaint against the defendants, Kea Motor Car Corporation (Kea Motor) and Mercedes-Benz USA, Inc. (Mercedes-Benz). Cahill alleges that he entered into a purchase and sales agreement, a lease agreement and a "starmarked contract" with Kea Motor for the purchase of a Mercedes-Benz SL600R vehicle (SL600R) on March 12, 1999. Cahill alleges in the first count of his complaint that Kea Motor breached its implied contract with him by "providing him with an unreliable and substandard vehicle." (Count one, ¶ 17.) Cahill further alleges that the Kea Motor breached its written contract with him by "leasing him an unreliable and substandard vehicle." (Count one, ¶ 18.) In addition, Cahill alleges that Kea Motor either intentionally or negligently misrepresented the condition of the vehicle when it asserted that the SL600R was "merchantable, reliable and excellent performing condition." (Count one, ¶ 20.)
Cahill alleges in the second count of his complaint that Mercedes-Benz breached its implied contract with him when it labeled the SL600R as "starmarked." Cahill alleges that the SL600R's performance was "unreliable and substandard" and did not warrant the "starmarked" rating given to it by Mercedes-Benz. (Count two, ¶ 21.) Cahill alleges that Mercedes-Benz breached its agreement with Cahill by misrepresenting the condition of the SL600R.
Mercedes-Benz filed a motion to strike the second count of the complaint on June 3, 2002, on the ground that Cahill fails to state a claim upon which relief can be granted because it did not enter into a contract with Cahill.[1] Cahill filed a memorandum in opposition to Mercedes-Benz's motion to strike on June 18, 2002. Oral argument was heard on July 8, 2002, before this court.
 DISCUSSION
CT Page 13795
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well-pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626,749 A.2d 630 (2000).
Mercedes-Benz argues that a contract exists between Cahill and Kea Motor in the form of the lease agreement but that there is no contract between itself and Cahill. Mercedes-Benz further argues that Cahill fails to allege any facts that would show the existence of a contract or the basis of its breach. Mercedes-Benz contends that Cahill fails to allege that Mercedes-Benz undertook an actual contractual commitment to him, therefore, no contract exists between itself and Cahill.[2]
Mercedes-Benz cites to Therrien v. Safeguard Mfg. Co., 180 Conn. 91,429 A.2d 808 (1980); Christensen v. Bic Corporation, 18 Conn. App. 451,454, 558 A.2d 273 (1989) and Nemeth/Martin Consulting, Inc. v. Excel DataSystems, Inc., Superior Court, judicial district of Derby, Docket No. CV 01 076178 (April 17, 2002, Lager, J.), in support of its argument.
Cahill argues in response that he alleged in his complaint that Kea Motor's employees represented to him that they were licensed representatives of Mercedes-Benz and acted as agents for Mercedes-Benz. Cahill further argues that he alleged that these representatives supplied him with literature prepared by Mercedes-Benz that acknowledged the marketability and warranty of the SL600R. Finally, Cahill argues that he alleged that he entered into the lease agreement because of the agent's representation that the SL600R was given a "starmark warrant[y]" by Mercedes-Benz. (Plaintiffs Memorandum in Opposition, p., 2.) Cahill does not cite to any case law in support of his arguments. CT Page 13796
"A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. . . . Contracts may be express or implied. These terms, however, do not denote different kinds of contracts, but have reference to the evidence by which the agreement between the parties is shown. If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one." Boland v. Catalano, 202 Conn. 333, 336-37, 521 A.2d 142 (1987). "To state a cause of action for an implied contract, the complaint must allege that the parties agreed, either by words or action or conduct, to undertake any form of actual contractual commitment. . . ." (Internal quotation marks omitted.) Nemeth/Martin Consulting, Inc. v. Excel DataSystems, Inc., supra, Superior Court, Docket No. CV 01 076178.
In the present case, Cahill alleges in the second count of his complaint that the agents of Kea Motor presented themselves as licensed representatives of Mercedes-Benz. (Count two, ¶ 11.) Cahill alleges that he entered into the lease agreement based upon the "advertisement, literature and representations through the defendant's, Mercedes-Benz, agents and/or duly authorized representatives that the SL600R was a `starmark' vehicle and would perform to Mercedes-Benz standards." (Count two. ¶ 15.) Cahill claims that the representatives made a representation to him that the SL600R was in such good condition that it was "starmarked" according to Mercedes-Benz standards. (Count two, ¶ 19.) In fact, Cahill alleges that the SL600R was "unreliable and substandard," therefore, Mercedes-Benz breached its implied contract with him when it labeled the SL600R as "starmarked." (Count two, ¶ 21.) Finally, Cahill alleges that Mercedes-Benz breached their agreement by "misrepresenting the condition of the SL600R" when it labeled it as "starmarked." (Count two, ¶ 26.) The court finds that Cahill has alleged sufficient facts to set forth a cause of action for breach of an implied contract against Mercedes-Benz. Accordingly, Mercedes-Benz's motion to strike the second count of Cahill's complaint is denied.
 ___________________ Skolnick, J.