THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK *v.* MUSANTE, BERMAN AND STEINBERG COMPANY, INC.

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 5—decided April 16, 1947

*Joseph V. Fay, Jr.,* with whom was *Harrison D. Schofield,* for the appellant (plaintiff).

*John J. Mezzanotte,* with whom, on the brief, were *William L. Hadden* and *Clarence A. Hadden,* for the appellee (defendant).

ELLS, J. This case is an aftermath of *Tully v. Demir et al.,* 131 Conn. 330, 39 A. 2d 877. Tully fell through an open trap door in a public sidewalk and sued the lessees of the premises who conducted a

restaurant business thereon and the present defendant, a produce dealer, whose employees opened the trap door to deliver produce to the cellar. A judgment against all defendants was sustained by this court. The insurer of the lessees paid one-half of the amount of the judgment and brought this action against the defendant to recover the sum it had paid plus certain costs and counsel fees. The defendant demurred to the complaint on two grounds: the complaint failed to allege facts sufficient to take the case out of the ordinary rule that there is no contribution between joint tort-feasors; the judgment in *Tully* v. *Demir et al.* was res adjudicata between them. The trial court in its memorandum of decision sustained the demurrer upon the first ground and used the original action merely to show that the lessees were under a duty to guard the opening. It did not pass on the second ground, res adjudicata. Upon the failure of the plaintiff to plead further, judgment was entered for the defendant. The plaintiff has appealed.

Res adjudicata should be specially pleaded. Practice Book § 104; *McKnight* v. *Gizze,* 119 Conn. 251, 253, 175 A. 676. This was not done, but as the plaintiff has chosen not to take advantage of this defect in pleading we consider the claims made by the parties.

It is not questioned that the plaintiff, as insurer, stands in the shoes of the insured, the lessees. The plaintiff concedes, as it must, that ordinarily contribution does not lie between joint tort-feasors. *Caviote* v. *Shea,* 116 Conn. 569, 575, 165 A. 788; *Rose* v. *Heisler,* 118 Conn. 632, 633, 174 A. 66. It contends, however, that the relationship between the parties alleged in the complaint makes that rule inapplicable.

We consider first whether the original judgment

was res adjudicata of the issue as regards the parties in this action. We cannot resort to that decision for a determination of the claim without first deciding the plaintiff's preliminary contention that the present defendant and the lessees were not adversaries in that case and that no issues were litigated between them. The contention is supported by the record. It does not show any claim by either the present defendant or the lessees that the negligence of the other was the sole proximate cause of the injury. There were no adversary pleadings. The record does not show an attempt by either the present defendant or the lessees to escape liability by claiming that the other was solely liable. It does not fairly appear that they were adversaries, at least to such an extent as to render the judgment conclusive as to the rights and liabilities of the codefendants as to each other.

In *Bulkeley* v. *House*, 62 Conn. 459, 474, 26 A. 352, we said: "A judgment against co-defendants creates no liability between them if none before existed. 'Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recovers judgment against B and C upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein a joint judgment establishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated.' Freeman on Judgments, § 23." The illustration given relates to a contract,

but the principle is equally applicable in tort. 1 Freeman, Judgments (5th Ed.) §§ 422–424; see also *Appell* v. *Schneider & Pomerantz Baking Co.,* 126 Conn. 16, 18, 8 A.2d 529; *Bridgeport-City Trust Co.* v. *Niles-Bement-Pond Co.,* 128 Conn. 4, 8, 20 A.2d 91. In 101 A.L.R. 105, it is said that "the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action." Among the many cases cited in support of the rule is *Bulkeley* v. *House,* supra. See also note, 101 A.L.R. 116; 30 Am. Jur. 968. Our conclusion is that the judgment in *Tully* v. *Demir et al.* was not res adjudicata as to the present case.

We determine next whether under the allegations of the complaint the plaintiff could prove that there was a right of reimbursement. As the original judgment was not res adjudicata, the present case is to be decided independently of the pleadings or findings in the original action. 1 Freeman, Judgments (5th Ed.) p. 921; see *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 194, 171 A. 429; *Manthey* v. *American Automobile Ins. Co.,* 127 Conn. 516, 520, 18 A.2d 397. However, we may take judicial notice of the Superior Court file in the original action so far as to ascertain the basis upon which the lessees were held liable, for that is a matter of law. It is briefly stated in the original case, at the bottom of page 333, and appears in paragraphs 84–86 of the charge printed in the record (A-204 Rec. & Briefs, back of p. 367

et seq.) that, as lessees of the adjoining land, they could not absolve themselves from liability for a condition in the sidewalk intrinsically dangerous to travelers unless injury was guarded against, on the ground that the opening was created and left unprotected by the defendant in this action; the principle applied was that stated in *Campus* v. *McElligott,* 122 Conn. 14, 19, 187 A. 29.

The complaint in the present action as amplified by that file may be summarized in this way: Tully fell into an opening in the sidewalk in front of the lessees' place of business, owing to the fact that the trap door was open, there were no guards and no warning was given to travelers. The door had been opened by the defendant's employees in order to make it possible for them to deliver groceries to the lessees. The trap door and opening were in the exclusive control of the defendant's employees. Tully recovered a judgment against both the present defendant and the lessees. The basis of the liability of the latter was that, as adjoining proprietors, they were legally responsible for a condition in the sidewalk which was intrinsically dangerous to travelers in the absence of guards or warning, even though the trap door had been opened and the situation was in the control of the defendant. The plaintiff, which had insured the lessees against liability, paid one-half of the judgment and incurred certain expenses. This was caused by the negligence of the employees of the present defendant in failing to guard the opening or give warning to travelers.

The rule that there cannot be contribution between joint tort-feasors is subject to definite limitations. We have indicated this in *Smith* v. *Foran,* 43 Conn. 244, 250, and *Stulginski* v. *Cizauskas,* 125 Conn. 293,

296, 5 A.2d 10, although these cases are not directly in point because they fall within the class of "vicarious" liabilities. However, upon the general principle the early case of *Bailey* v. *Bussing,* 28 Conn. 455, is much in point. We said (p. 459): "We must look for personal participation, personal culpability, personal knowledge. If we do not find these circumstances, but perceive only a liability in the eye of the law, growing out of a mere relation to the perpetrator of the wrong, the maxim of law that there is no contribution among wrong doers is not to be applied." The rule is more specifically stated in 38 A.L.R. 566: "The responsibility of a contractor to his employer has frequently been determined with reference to a rule of general application which may be thus stated: Where two parties are jointly liable in respect to a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount which he has been compelled to pay as damages for the injury. The rationale of this rule is that the latter party is chargeable merely with 'constructive fault' and is consequently not in pari delicto with the former. In this point of view, the applicability of the rule is negatived, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question. The plaintiff in an action against the contractor cannot recover unless he shows that 'the active negligence and wrong which caused the injury' in question were the 'negligence and wrong of the defendant or, in other words, that the defendant was the party primarily liable for the wrongful act which occasioned the injury in respect

of which the plaintiff has been compelled to pay damages.'" The rule is followed in a great number of jurisdictions. *Hollywood Barbecue Co.* v. *Morse,* 314 Mass. 368, 50 N. E.2d 55; *Globe Indemnity Co.* v. *Schmitt,* 142 Ohio St. 595, 602, 53 N.E.2d 790; *Scott* v. *Curtis,* 195 N. Y. 424, 88 N. E. 794; note, 38 A.L.R. 566. In the Restatement, Restitution § 95, it is said in comment a (p. 416): "The rule is also applicable to situations in which a person has a non-delegable duty with respect to the condition of his premises but has entrusted the performance of this duty to a third person, either a servant or an independent contractor." See *Ellis* v. *Chicago & N. W. Ry. Co.,* 167 Wis. 392, 402, 167 N. W. 1048; Harper, Torts § 303.

Where there are two joint tort-feasors and each is guilty of intentional wrongdoing there may be sound justification for a denial of contribution because either party in seeking it would have to take his stand upon his own wrong. We have held that where the negligence of each of two defendants enters immediately and directly into the production of the accident neither should have a right to contribution. *Caviote* v. *Shea,* supra. Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. The complaint was carefully drawn so as to allege the latter situation, and under it the plaintiff might prove facts which would justify a judgment in its favor. The demurrer should not have been sustained.

There is error, the judgment is set aside and the

544

case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.