FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* KOHN BROTHERS TOBACCO COMPANY, INC.

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 86695

Memorandum filed July 7, 1953.

*Woodhouse, Schofield & Fay,* of Hartford, for the Plaintiff.

*Snow Gene Munford,* of Hartford, for the Defendant.

BORDON, J. Under the stipulation of facts presented to the court, it is conceded that the negligence of the defendant alone is the direct immediate cause of the injury in question. Stripped of technical or statutory intervention, this defendant would have been the only party liable for the injury, either at common law or under the Compensation act. If the defendant should prevail in this action, it succeeds in freeing itself completely from liability even though it is the only tort-feasor in the case.

Section 2479 of the General Statutes provides that any person "renting or leasing to another any motor vehicle owned by him shall be liable for any damage . . . caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." The obvious purpose of the statute is

to protect the public from careless operation by bailees or lessees of vehicles. It holds the owner liable because it is within his power to select the lessee. The statute is not intended to free the lessee from the consequences of his own negligence. It merely affords an additional remedy to an injured person which he would not have in the absence of the statute. This vicarious liability is created for the benefit of the injured person and not for the benefit of the defendant.

The court is of the opinion that the rule adopted in *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, is applicable to the instant case. Where a person is in control of the situation and the other does not know of the fault, has no reason to anticipate it, and may reasonably rely on the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. Where two parties may both be liable for a tort, one of them for the reason that he is the actual wrongdoer and the other because of vicarious liability created by statute, the latter is entitled to recover from the former the amount which he has been compelled to pay as damages for the injury. Note, 38 A.L.R. 566.

Nor does the fact that the injured party could not have sued his employer because of the provisions of the Workmen's Compensation Act preclude this plaintiff from proceeding against the tort-feasor. The injured employee was bound by the compensation law, which created a contract between himself and his employer by the terms of which he could proceed only under that law. The plaintiff is not limited in its rights to pursue any remedy afforded by law for reimbursement by the party actually creating the legal obligation to the injured party. To hold otherwise would convert a well-intended statute into an instrument of injustice.

The issues are found and judgment may be entered for the plaintiff to recover from the defendant the sum of $6413.55, together with interest at the rate of 6 per cent from January 23, 1950, amounting to $1326.48, or a total of $7740.03, and costs.