[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #111.00
This is a motion to strike the third party complaint of the defendant Kaesser Construction Co. Kaesser was charged by the plaintiffs Mitchell and Margaret Siegel with various breaches of duty relating to the construction of a house for the plaintiffs. Kaesser was the general contractor and the third party defendant P I Contractors was apparently a subcontractor on the job.
By its revised third party complaint filed November 20, 1990, Kaesser charged in three counts that (1) any negligence in building the house is directly the result of the acts of P I; (2) any breach of express or implied warranty by defendant
Kaesser is directly the result of the negligence of P I; and (3) the violations of Conn. Gen. Stats. 42-110a et. seq. ("CUTPA") by Kaesser in refusing to make the repairs requested by the Siegels, were the direct result of the negligence and carelessness of P I Contractors.
P I has moved to strike the third party complaint, alleging that the complaint fails to state the necessary elements for indemnification in each of the counts.
Four elements must be proven to find a party primarily negligent for purposes of a common-law indemnification claim: (1) the third party defendant must have been negligent; (2) that party's negligence rather than another's was the direct and immediate cause of the injury; (3) that party had exclusive control of the situation; and, (4) the party seeking the indemnification did not know of the charged party's negligency, had no reason to anticipate it and could reasonably have relied on the charged party to act without prejudice. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982) (citing Kaplan v. Merberg Wrecking Co., 152 Conn. 405, 416 (1965).
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The motion admits all facts well pleaded, Ferryman v. Groton, CT Page 2403212 Conn. 138, 142 (1989), but not opinions or legal conclusions. Blancato v. Feldspar, 203 Conn. 34, 37 (1987). In ruling on a motion to strike the court must construe that facts alleged in the manner most favorable to the pleading party. Rowe v. Gedou, 209 Conn. 273, 278 (1988). "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." Beaudoin v. Town Oil Co., 207 Conn. 575, 588-89
(1988).
The motion to strike in respect to the first count is denied. The first count alleges negligence on the part of P 
I. The third party defendants have cited Atkinson v. Berloni,23 Conn. App. 325 (1990), for the proposition that the indemnification must allege an "independent legal relationship" between the third party plaintiff and the third party defendant. The existence of such relationship may be inferred from the allegation that P I poured the slab and built the chimney and fireplace. Such actions are generally not gratuitous or accidental and based on the complaint may be inferred to be the result of a contract. If P I seriously wishes to contest the point, an evidentiary hearing may be the proper method.
The third count of the amended third party complaint charges that any liability of Kaesser under CUTPA is the fault and responsibility of P I. The allegations of the Siegels' complaint include, at paragraphs 5 and 6 of the first count, that Kaesser refused to repair the defects in the building and therefore, under the third count, are in violation of CUTPA. Such allegations can not be construed to be the result of "exclusive control" by P I; the charge is that Kaesser refused to honor its obligation to the Siegels. Thus the principle of indemnification is irrelevant to the CUTPA claim. An action for indemnification will not lie where the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question. Preferred Accident Ins. Co. v. Musante, Berman, Steinberg Co., 133 Conn. 536, 542
(1947). The CUTPA claim against Kaesser, properly construed, is not based on the condition of the building, but on the "oppressive, unscrupulous" conduct of Kaesser in refusing to honor its primary obligation to its customers, the Siegels. The violation of CUTPA, if there was one, arose from the direct relationship between the Siegels and Kaesser, a relationship over which no one other than Kaesser could have had "direct control." Therefore, the motion to strike the third count of the counterclaim, which count relies on indemnity where control is lacking is granted.
FORD, JUDGE. CT Page 2404