[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF GUARDIAN'S MOTIONS TO STRIKE
I CT Page 7907
The following facts are taken from the original and intervening complaints.
The plaintiff, Michael Dunn (Dunn), an employee of the intervening plaintiff, subcontractor Guardian Waterproof Systems (Guardian), was injured while performing work on a construction job. Dunn sued the general contractor, Schnip Building Company (Schnip), and subcontractors F J Construction Corporation (F J) and Alpha of Connecticut welding Fabrication (Alpha). Dunn alleges that Schnip contracted with subcontractor Alpha to erect the steel components of the building where Dunn was injured, and that such components included the roof of said building. Dunn also alleges that Alpha subcontracted the component work to F J. Dunn alleges that his fall through the roof was caused by the negligence and carelessness of each of the three defendants, Schnip, Alpha and F J in that they failed to cover or barricade the opening in the roof. Guardian filed an intervening complaint to seek reimbursement of the workers' compensation benefits paid to Dunn.
Alpha and F J have each filed counterclaims against Guardian. Alpha, in its one count amended counterclaim, and F 
J, in the first count of its amended counterclaim, each allege that Guardian had a duty to provide safe working conditions which ran to all contractors and subcontractors working on the construction site. Alpha and F J allege that Guardian's duty to provide safe working conditions required Guardian to instruct or warn its employee, Dunn, of the existence of the hole in the roof through which Dunn fell and to train Dunn in how to properly perform his duties while on said roof. Alpha and F J also allege that Guardian was in control of the roof and that Guardian's duty to provide safe working conditions included covering the hole in the roof, placing a barrier around it or otherwise making the conditions on the roof reasonably safe for all persons who were using said roof during the construction process. Alpha and F J further allege that it was Guardian's active and primary negligence that was responsible for the injuries and damages suffered by plaintiff Dunn.
Alpha and F J each seek indemnification from Guardian for any judgment they incur as a result of Dunn's claims.
Guardian moved to strike Alpha's counterclaim, and to strike the first and second counts of F J's counterclaim, and F J has withdrawn the second count of its counterclaim.
Guardian has filed memoranda of law in support of each of its motions to strike, and Alpha and F J have each timely filed memoranda in opposition to the motions. Guardian has also CT Page 7908 filed replies to Alpha and F J's memoranda, and the motions were heard at short calendar.
 III
A motion to strike contests the legal sufficiency of a pleading. Practice Book Section 152. In ruling on a motion to strike, the court is limited to the facts alleged in the relevant pleading. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, (1987). In considering a motion to strike, the court must construe the allegations in the pleading in the manner most favorable to the pleader. Id., 36. All well pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If the facts provable under its allegations support a defense or a cause of action, the motion to strike must fail. Id., 109.
Guardian argues that the sole basis for Alpha's counterclaim and the remaining count of F J's counterclaim is an "active/passive" negligence claim. Guardian also argues that such a claim is insufficient to sustain a claim for indemnity against an employer under the exclusivity provision of General Statutes Section 31-284 (a).
Alpha and F J argue that they have specifically alleged that Guardian had an implied duty to provide safe working conditions which ran to all contractors and subcontractors working at the construction site. Alpha and F 
J argue that because of this additional allegation, which goes beyond the theory of "active/passive" negligence, Guardian's motion to strike must fail.
General Statutes Section 31-284 states in pertinent part that:
 An employer shall not be liable to my action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between CT Page 7909 employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits.
In Ferryman v. Groton, 212 Conn. 138, 142 561 A.2d 432
(1989), the court stated that although there is ordinarily no right of indemnity or contribution between joint tortfeasors, recovery is permitted in circumstances "(w)here. . . one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong. . . ." Id., 142-143, quoting Preferred Accident Insurance Co. v. Musante, Berman Steinberg Co., 133 Conn. 536,543, (1947). The Ferryman court further noted that the exclusive remedy doctrine of the workers' compensation statute, General Statutes Section 31-284a, normally bars any recovery for indemnification against an employer in a suit brought by the employee. Id., 144-145. The court concluded, however, that where an independent relationship exists between the employer and the party seeking indemnification, recovery in the form of indemnification may be allowed. Id.
Although Alpha and F J each assert in their amended counterclaims that Guardian breached a duty to provide safe working conditions, they do not assert or allege any independent legal relationship between themselves and Guardian out of which such a duty might arise.
Having failed to allege an independent legal relationship between themselves and Guardian, Alpha and F J's claims for indemnification are therefore barred by the Workers' Compensation Act. Guardian's motions to strike are granted.
TELLER, J.