[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANTS' HOWARD KANTROVITZ,ANDREW DIPIETRO, JR., JAMES S. BROWNSTEIN AND DIPIETRO, KANTROVITZ ANDBROWNSTEIN, P.C. MOTION FOR SUMMARY JUDGMENT (#138)
This case arises out of an automobile accident which occurred on or about July 17, 1981, when the plaintiff received personal injuries while a passenger in a motor vehicle which was in collision with another motor vehicle.
Thereafter the plaintiff, represented by Pasquale Labaddia III (Labaddia) who was associated with the firm of Donahue, Votto, Delia Labaddia, P.C. (Donahue Group) brought a negligence action against the operators of the two motor vehicles involved in the accident. In the instant case the plaintiff claims that in the negligence action she exhausted the available limits of the responsible tortfeasors policy, which limits were inadequate to compensate her for her injuries and losses, and that Labaddia agreed to file an underinsured motorist claim. The CT Page 8770 plaintiff further claims that such a claim was never filed, the six year statute has expired, and therefore she has filed this legal malpractice action against Labaddia and the Donahue Group.
Thereafter the Donahue Group impleaded Howard Kantrovitz, Andrew DiPietro, Jr., James Brownstein, and the law firm of DiPietro, Kantrovitz and Brownstein, P.C. (DKB), as third party defendants, and filed a third party complaint seeking indemnification.
Before the court at this time is DKB's motion for summary judgment on the third party complaint filed by the Donahue Group.
Summary judgment maybe granted under § 384 of the Connecticut Practice Book "when all the documents submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354,364 A.2d 1212 (1990); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11, 459 A.2d 115 (1983). Although the party seeking summary judgment has the burden of showing the non-existence of any material fact: Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); "it is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v.Colwell, 214 Conn. 242, 251, 571 A.2d 116 (1990). "The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v.Connecticut Newspaper, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). Mere assertions of facts, whether contained in a complaint or a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. Velardi v. Ryder Truck Rental, 178 Conn. 371,375, 443 A.2d 77 (1979).
The third party complaint filed by the Donahue Group alleges that control of the case was turned over to DKB in July 1987, CT Page 8771 three and one half years before the six year statute of limitation expired, and that if the plaintiff has been damaged because a timely underinsured motorist claim was not filed, that it was due to the negligence of DKB, that it was not due to any negligence on the part of the Donahue Group, that DKB were in control of the situation to the exclusion of the Donahue Group, and that the Donahue Group had no reason to know of DKB's negligence, had no reason to anticipate it, and could reasonably rely on DKB not to be negligent. By way of relief the Donahue Group seeks indemnification by DKB for any judgment that may be rendered against it in favor of the plaintiff.
In this case, if the Donahue Group is held liable to the plaintiff, and the Donahue Group can show that the finding of liability was based on it being secondarily negligent through some theory of vicarious responsibility, and that the primary negligence was that of DKB, then the Donahue Group may be entitled to indemnification from DKB. See Preferred AccidentIns. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536,542-43, (1947).
The following elements must be proven to establish that a party was primarily negligent and liable to indemnify a secondarily negligent tortfeasor: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." Weintraub v.Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982). InAtkinson v. Berloni, 23 Conn. App. 325, 328 (1990) the Appellate Court added a fifth element which is that the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent relationship.
DKB alleges several grounds in support of its motion for summary judgment. In the opinion of the court two of these claims are dispositive of this matter. First, DKB alleges that as a matter of law the Donahue Group will be unable to establish that if it is held liable to the plaintiff in this case that such liability will be premised on a primary/secondary relationship, and second, that there is no evidence of an independent legal relationship between the Donahue Group and DKB. CT Page 8772
The reasoning of Judge Dorsey in the case of Cimino v. YaleUniversity, et al, 638 F. Sup. 952 (D. Conn. 1986) would appear to be equally applicable in the instant case with respect to the first of these claims. In Cimino the plaintiff had been injured when struck by a goalpost which was pulled down by spectators following a football game at Yale Bowl. She brought a negligence action against the City of New Haven, various New Haven police officers, and Yale. The City and the police officers then filed a cross complaint against Yale seeking indemnification on a claim that Yale was primarily negligent and that the City and its police officers were only secondarily negligent.
As was pointed out in Cimino, a claim for indemnification must be evaluated at the point when those seeking indemnity, in this case the Donahue Group, have been held liable to the plaintiff, and now seek indemnity for that liability from DKB. Therefore, this requires that the third party complaint be construed as against the allegations of the plaintiff's complaint because it is the grounds alleged in the complaint which will be the basis for holding the Donahue Group liable to the plaintiff. The complaint in substance claims that Labaddia and the Donahue Group represented the plaintiff, that an underinsured motorists claim which was supposed to be filed was not filed, that the statute of limitations for filing such a claim has expired causing the plaintiff a loss, and that Labaddia's and the Donahue Group's negligence in not filing the claim caused the loss to the plaintiff.
If the Donahue Group is held liable on the ground of negligence asserted in the plaintiff's complaint, then it could not satisfy the requirement of secondary, rather then primary, negligence. In order for the Donahue Group to be held liable under the allegations of the complaint the trier must have found that it was actively negligent. The complaint makes no allegation of a theory of vicarious responsibility, nor is there any evidence in this case which would support such a theory.
If the plaintiff does not prevail in her case against the Donahue Group then obviously there is no basis for an indemnity action. However, if the Donahue Group is held liable it would necessarily preclude any finding that DKB's negligence was the primary cause of the loss to the plaintiff, and that any responsibility of the Donahue Group was secondary. The liability of the Donahue Group would not be based on its relationship to DKB, but upon its own active negligence. CT Page 8773
The court finds that DKB has established that there is no genuine issue as to any material fact which is relevant to the issue of whether the cause of the plaintiff's injury was the primary negligence of DKB and that the Donahue Group was only passively or secondarily responsible, and that as a matter of law an indemnification action does not lie.
The second basis upon which DKB claims the motion for summary judgment should be granted is the absence of any allegation of or evidence of any independent relationship between the Donahue Group and DKB. It appears that the Donahue Group believes that there is evidence of such a relationship because the plaintiff's file was "transferred" by the Donahue Group to DKB. There is no allegation or evidence that the plaintiff was referred to DKB by the Donahue Group, or that she went to DKB relying on any recommendation of her former attorneys. On the contrary, the Donahue Group claims that the change of attorneys was made by the plaintiff, and that her choice of DKB probably was made because she was related to one of the DKB attorneys. The documentary evidence and the pleadings establish that there was no independent relationship or duty as between the Donahue Group and DKB and that as a matter of law the third party plaintiff Donahue Group cannot prevail on the third party complaint seeking indemnification.
One of the claims made in the Donahue Group's memorandum in opposition to the motion for summary judgment is that this court, Fracasse, J. has refused to allow DKB to be cited in for apportionment purposes pursuant to Connecticut General Statutes § 52-572h(c). Therefore, according to the Donahue Group, if this court should grant this motion for summary judgment then the Donahue Group "will be forced to bear the burden of all of the plaintiff's damages, even though some, if not all, of plaintiff's damages were due in part to the DKB defendant's negligence." It is apparent from the record that Judge Fracasse's decision was based on the fact that the motion to cite in requested the court to order the plaintiff to sue someone she chooses not to sue. A proper motion would merely be a motion for permission to cite in DKB for apportionment purposes by the Donahue Group serving and filing a pleading in the nature of a cross complaint setting forth the factual basis under which it is claimed that DKB is partially or entirely responsible for any loss suffered by the plaintiff and seeking apportionment. CT Page 8774
Accordingly, for the reasons stated the motion for summary judgment (#138) is granted.
William L. Hadden, Jr., Judge