[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANTS' MOTION TO STRIKE
This action arises from the sale and conveyance of property allegedly contaminated by a hazardous waste. By complaint dated April 8, 1992, the plaintiffs, Russell and Katherine Hartt ("Hartts"), brought suit against the defendants, Eli Schwartz, Stanley Burdick, Theodore Fretel, and the law firm Burdick and Fretel.[1]
I. FACTS
The third amended complaint ("complaint"), dated March 11, 1993, alleges the following facts. In March 1986, the defendant CT Page 11998 Schwartz sold and conveyed to the Hartts a certain piece of property known as 1209-1213 Foxon Road, located in North Branford, Connecticut. Approximately four years later, on or about June 12, 1990, the Hartts discovered elevated concentrations of a hazardous waste, tetrachloroethylene,[2] buried or otherwise concealed on the subject property.
On or about August 6, 1991, after the Hartts discovered the existence of the hazardous waste, the Connecticut Department of Environmental Protection ("DEP") confirmed the Hartts' discovery and concluded that the soil on the property was in fact contaminated by tetrachloroethylene. As a result, the DEP ordered the Hartts to, among other things, take remedial action to clean up the contamination.
In the first count of the complaint, the Hartts claim that Schwartz violated the Connecticut Transfer Act, General Statutes §§22a-134 et seq, when he transferred the contaminated property to the Hartts.[3] The first count alleges that when Schwartz sold the property to the Hartts, the property was an "establishment" within the meaning of the Transfer Act. See General Statutes § 22a-134. The first count further alleges that pursuant to General Statutes § 22a-134a, the transferor of an establishment is required to furnish to the transferee and to the Commissioner of the DEP a "negative declaration" or a "certificate of cleanup. " The first count alleges that Schwartz failed to provide the required negative declaration or certificate of cleanup. Thus, the first count alleges that Schwartz violated the Transfer Act, and, pursuant to General Statutes § 22a-134b, he is strictly liable to the Hartts for all cleanup and removal costs and for all direct and indirect damages.
In the second count of the complaint, the Hartts set forth a claim against Schwartz for fraudulent nondisclosure. The second count alleges that Schwartz knew that the property was contaminated prior to the conveyance, yet failed to inform the Hartts of this material fact. The second count alleges that Schwartz knew that the Hartts would not have entered into the sale contract if they knew that the property was contaminated. The second count further alleges that Schwartz failed to disclose the material fact that the property was contaminated in order to sell the contaminated property to the Hartts. The second count claims that the Hartts were therefore injured by said fraudulent nondisclosure.[4]
On March 16, 1994, Schwartz filed a motion to implead as third CT Page 11999 party defendants McGraw-Edison Co. ("McGraw"), Albert McConnell, George Travers, H. Krevitt, Inc. ("Krevitt"), Dow Chemical Co. ("Dow"), and Pittsburgh Plate and Glass Industries, Inc. ("Pittsburgh Plate"), on the ground that the third party defendants may be liable to Schwartz for all or part of the Hartts' claims against Schwartz. On March 28, 1994, the motion to implead was granted. On August 1, 1994, third party plaintiff Schwartz filed an amended third party complaint ("third party complaint").
The third party complaint has sixteen counts. In the first, fourth, sixth, eighth, eleventh, and fourteenth counts, Schwartz sets forth a common law action for active/passive negligence against McGraw, McConnell, Travers, Krevitt, Dow, and Pittsburgh Plate, respectively, seeking indemnification from the third party defendants for any judgment rendered in favor of the Hartts against Schwartz.[5] In the second, ninth, twelfth, and fifteenth counts, Schwartz sets forth a product liability action against McGraw, Krevitt, Dow, and Pittsburgh Plate, respectively, alleging that their products caused the contamination to the property. In the third, fifth, seventh, tenth, thirteenth, and sixteenth counts, Schwartz sets forth a claim against McGraw, McConnell, Travers, Krevitt, Dow, and Pittsburgh Plate, respectively, seeking reimbursement, pursuant to General Statutes § 22a-452, for the costs Schwartz allegedly expended to mitigate and clean up the contamination.
On November 22, 1994, McGraw, Krevitt, Dow, and Pittsburgh Plate, hereinafter referred to collectively as the "third party defendants," each filed a motion to strike the third party complaint and the individual counts therein. On November 22, 1994, the third party defendants each filed a memorandum of law in support of their motions to strike. On February 3, 1995, third party plaintiff Schwartz filed a memorandum of law in opposition to the motion to strike. On March 23, 1995, the third party defendants filed reply memoranda of law; and, on April 7, 1995, third party plaintiff Schwartz filed a reply memorandum of law.
II. DISCUSSION
A motion to strike is the proper procedural vehicle to challenge the sufficiency of an impleader complaint. Commissionerv. Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102 n. 2,485 A.2d 580 (1985). "`The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' CT Page 12000 In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.)Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992).
The third party defendants first argue that the third party complaint should be stricken because it fails to meet the statutory requirements of the impleader statute, General Statutes § 52-102a. The third party defendants argue that a third party complaint is only proper in situations where the third party defendants are liable or may be liable to the third party plaintiff for all or part of the plaintiffs' claims against the third party plaintiff. The third party defendants argue that in this case, as a matter of law, the third party defendants cannot be liable to Schwartz for all or part of the Hartts' claims against him. The third party defendants further argue that Schwartz' third party claims against them are not dependent upon the first party action, and thus, the third party complaint should be stricken.
Schwartz argues that the third party complaint is proper in this case because the third party action is directly associated with the Hartts' claims against Schwartz. Schwartz argues that the Hartts are seeking damages against him for the contamination of their property. Schwartz argues that the third party complaint alleges that the third party defendants contaminated the subject property, and therefore, they are primarily liable to the Hartts for the claims against Schwartz. Therefore, Schwartz argues that the motion to strike the third party complaint should be denied because the third party complaint satisfies the requirements of the impleader statute, § 52-102a.
The third party defendants raise additional arguments addressed to the legal sufficiency of each cause of action in the third party complaint. The court, however, will not address these arguments because, based on the following analysis, it agrees with the third party defendants that, as a matter of law, the third party defendants cannot be liable to Schwartz for the claims asserted by the Hartts against Schwartz. Thus, the third party complaint as to McGraw, Krevitt, Dow, and Pittsburgh Plate should be stricken. CT Page 12001
Connecticut's impleader statute, § 52-102a states in relevant part: "(a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." General Statutes § 52-102a. "The purpose of 52-102a, like that of [Federal] Rule 14(a), is clearly to obviate the multiplicity of actions;" Senior v. Hope, 156 Conn. 92, 96,239 A.2d 436 (1968); and to "facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials." Beaudoin v. Town Oil Co., 207 Conn. 575, 588,542 A.2d 1124 (1988).
By the express terms of § 52-102a, "impleader is available only against persons who are or may be liable to the defendant for part or all of the plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." 6 Federal Practice and Procedure § 1442, Wright-Miller-Kane (1990).[6] Thus, there must be a showing that, under applicable law, the third party defendant may be liable to the plaintiff.Senior v. Hope, supra, 156 Conn. 92. Furthermore, even if the third party defendants are or may be liable to the defendant for all or part of the claims by the plaintiff against the defendant, "[s]ufficient prejudice to warrant denial of impleader may be present when bringing in a third party will introduce unrelated issues and unduly complicate the original suit." 6 Federal Practice and Procedure, supra, § 1443.
To determine whether, under the applicable law, a third party defendant may be liable to the defendant for the claims asserted against the defendant by the plaintiff, it is important to recognize the nature of a third party action, and the natural consequences thereof. A third party complaint is premised on the plaintiff prevailing against the defendant third party plaintiff.Maccarone v. Hawley, 7 Conn. App. 19, 22, 507 A.2d 506 (1986); see also General Statutes § 52-102a (a defendant may bring a third party complaint against a third person who is or may be liable to him for all or part of the plaintiff's claim against him). Thus, for the purposes of a motion to strike the third party complaint on the ground that the third party defendants cannot, as a matter of CT Page 12002 law, be liable to the defendant for the claims by the plaintiff, it is necessary to assume that the jury found that the plaintiff established the elements of the cause or causes of action in the first party complaint against the defendant. See Weintraub v.Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982) (concluding that the finding of the jury in the first party action that the defendant third party plaintiff was negligent was binding upon the defendant third party plaintiff in the third party action for indemnification); Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,413-15, 207 A.2d 732 (1965) (in an action for indemnification, the court is correct in looking to the opinion of the first action to ascertain the basis on which the plaintiff/alleged-indemnitee was found liable, because "an indemnitee, in his action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered. . . .");Preferred Accident Ins. v. Musante, Berman Steinberg, 133 Conn. 536,541, 52 A.2d 862 (1947) (plaintiff was found liable for injuries to a third person; in a subsequent action for indemnification against a codefendant in the first action, the court took judicial notice of the basis upon which the plaintiff was held liable in the first action because such a fact is a matter of law.); Maccarone v. Hawley, supra (although defendant denied the plaintiff's allegation that the plaintiff was employed by and working for the third party defendant at the time of the injury, the court "must view this as a case which a third party, namely the defendant, seeks indemnity from an employer, namely the [third party defendant], for injuries suffered by the employer's employee[, namely the plaintiff,] in the course of his employment.) It is settled law that if a judgment in the first action against the defendant third party plaintiff rests on a fact fatal to recovery in the action over against the third party defendant, the latter action cannot be successfully maintained. Kaplan v. MerbergWrecking Corp., supra, 413.[7]
Therefore, in this case, pursuant to § 52-102a, Schwartz may only bring a third party action against the third party defendants, if, under the applicable law, the third' party defendants may be liable for all or part of Hartts' claims against Schwartz. The court concludes that under the applicable law, the third party defendants cannot be liable to Schwartz for all or part of the claims asserted by the Hartts against him.
In the first count of the complaint, the Hartts allege that Schwartz violated the Transfer Act by failing to provide a negative CT Page 12003 declaration to the Hartts as required by General Statutes §22a-134a. The Hartts allege that as a result of Schwartz' failure to provide these documents, they were injured because they purchased property that, at the time of the sale, was contaminated with a hazardous waste.
There are several reasons why the third party defendants cannot be liable to Schwartz for the Hartts Transfer Act claim against him. First, the Transfer Act imposes upon Schwartz a non-delegable duty to provide the Hartts with a negative declaration or a certificate of cleanup. General Statutes § 22a-134a. A defendant cannot seek indemnification from a third person for the defendant's failure to perform a non-delegable duty unless the defendant entrusted the performance of the non-delegable duty to the third person. See Preferred Accident Ins. v. Musante, Berman Steinberg, supra, 133 Conn. 543 (indemnification may be sought by a defendant who entrusted the performance of a non-delegable statutory duty to a servant, contractor, or third person). There is no allegation in the third party complaint that Schwartz entrusted the performance of this statutory duty to any of the third party defendants. Thus, the third party complaint lacks an allegation necessary to hold the third party defendants liable to Schwartz for the Hartts' Transfer Act claim against him.
Moreover, the Hartts are claiming in the first count that their injury was caused by Schwartz' failure to provide them with a negative declaration, which would have indicated that the property was contaminated with a hazardous waste. It is significant that the plaintiffs are not claiming that they were injured by the contamination of the property. Indeed, from the allegations of the complaint and the third party complaint, the hazardous waste was released on the property prior to the conveyance. Thus, the plaintiffs claimed injury does not flow from the contamination of the property, but rather from the failure of Schwartz to provide the negative declaration which would have disclosed the existence of the contamination. See ConnecticutResources v. Refuse Gardens, 43 Conn. Sup. 83 (1993, Aronson, J.) (the transferre [transferer] may rely upon the negative declaration required by General Statutes § 22a-134a), aff'd on other grounds,229 Conn. 455, ___ A.2d ___ (1994). The contamination of the property injured Schwartz because he was the owner at the time. The transfer of contaminated property without providing a negative declaration is what the Hartts claim harmed them. Thus, the third party complaint, although related to the first party action, does not set forth a scenario where the third party defendants are liable to CT Page 12004 Schwartz for all or part of the Transfer Act claim asserted against him by the Hartts.
In the second count of the complaint, the Hartts claim the Schwartz knew about the contamination prior to the conveyance and failed to disclose it to the plaintiffs. Assuming the allegation to be true for the purposes of this motion to strike the third party complaint, as a matter of law, the third party defendants are not liable to Schwartz for the injuries caused by his intentional acts. See Preferred Accident Ins. v. Musante, Berman Steinberg,
supra, 133 Conn. 541-45 (there is no right between intentional tortfeasors for contribution or indemnification). Even assuming that the third party defendants contaminated the property, the Hartts would not have been injured thereby if Schwartz disclosed the fact that the property was contaminated. Therefore, the third party defendants cannot be liable to Schwartz for all or part of the Hartts fraudulent nondisclosure claim against Schwartz.
III. CONCLUSION
As a matter of law, the third party defendants cannot be liable to the defendant third party plaintiff Schwartz for all or part of the Hartts' claims against him in the complaint. Therefore, the third party complaint fails to satisfy the requirements of the impleader statute, General Statutes § 52-102a. Accordingly, the third party complaint is stricken as to the third party defendants McGraw, Krevitt, Dow, and Pittsburgh Plate.
SO ORDERED:
MARTIN, J.