[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
These motions for Summary Judgment were filed by the two third party defendants, CK Systems, Inc. ("CK") and Horton Automatics, a Division of Overhead Door Company ("Horton") against the defendant third party plaintiff Door Control, Inc. ("DCI"). In the primary action the Plaintiff's decedent Elizabeth O'Rourke was injured when she was struck by an automatic door at CT Page 5701 the Sheraton Hotel in Waterbury. The primary suit is against the owners and operators of the hotel and DCI, the company who installed and maintained the door. The defendant DCI has filed a third party indemnification action against Horton, the manufacturer of the automatic door in question, and CK the manufacturer of the motion detector purchased directly from and installed with the automatic door at the Waterbury Sheraton.
There is no question for the purposes of this motion that the motion detector DCI purchased from CK was specified by DCI and installed in accordance with the instructions they provided. There is also no claim that either of the third party defendants were present at the installation of the automatic door, nor present at any time prior to the alleged incident on October 4, 1991. The only claim existing against these third party defendants is a common law tort indemnification claim. More specifically, it is the claim of DCI that Horton was in complete control of the automatic door package, as the designer and manufacturer, and that CK was in complete control of the sensing devices as the designer and manufacturer of the same.
The movants point out that the suit in chief does not sound in products liability but in negligence, alleging counts of commission and omission on the part of DCI in failing to adjust the sensing mechanisms and to inspect, repair, or maintain the automatic door. The first party Plaintiff alleges that there was an inadequate number and placement of sensing devices installed in the automatic door in order to allow a person with a disability to safely enter the premises. The third party Plaintiff, DCI, argues that since they installed all elements of the automatic door according to the instructions provided by the manufacturers, both third party defendants should have instructed them to install more sensors and place them in different locations to accommodate persons with disabilities.
Since this third party claim is not seeking to apportion liability based on a written agreement of indemnification, nor assert a claim of contribution, DCI can only succeed on their theory of tort indemnification by proving that the third party defendants were primarily negligent. One of the necessary elements in establishing primary or active negligence is the question of control — crux of the instant motion. The traditional tests holds that "[o]rdinarily there is no right of indemnity or contribution between joint tortfeasors." Kaplan v. MerbergWrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732 (1965) CT Page 5702 "Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." PreferredAccident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536,543, 52 A.2d 862 (1947). "Under the circumstances described, we have distinguished between `active or primary negligence' and `passive or secondary negligence.'" Kaplan v. Merberg WreckingCorporation, supra, 415." Krytatas v. Stop Shop, Inc. 205 Conn. 694,698, 535 A.2d 357 (1988). Ferryman v. Groton 212 Conn. 138,142. (1989).
The issue is control, and although DCI presents an imaginative theory of control, it does not meet the standard or the requirements of the law. In Kaplan the court enumerated the requirements that must be proved in order for a third party Plaintiff to recover as indemnities — the Defendant must be "in control of the situation to the exclusion of [the] plaintiffs."American Mutual Liability Ins Co. v. Jarvis 112 F. Sup. 276, 278
(D. Conn); Kaplan v. Merberg, supra 416. To assert that the third party defendants had control of the situation because they manufactured the installed equipment and gave instructions to DCI relative to the installation and placement of it is incongruous. The claim of the first party plaintiff is in negligence, not products liability. It is a claim against the installer and maintainer DCI. If DCI is able to establish that the accident was caused by the faulty products of the third party defendants, then the first party Plaintiff cannot succeed against DCI and there could be no claim for indemnification. In addition the third party Plaintiff ignores that Kaplan requires control of the situation in question be to the exclusion of anyone else. It was DCI who installed the door and sensors, and it was DCI who effectuated the maintenance and repair contracts at the time of the incident. These third party defendants were under no circumstances in control of the situation to the exclusion of DCI. Furthermore, it is impossible that both of these third party defendants could be in exclusive "control of the situation" as an essential condition of establishing an entitlement to indemnification. Kyrtatas v. Stop Shop, Inc., 205 Conn. 698."Burkert v. Petrol Plus of Naugatuck Inc., 216 Conn. 65, 77
(1990).
The facts DCI relies on and the theory of exclusive control CT Page 5703 argued by the third party Plaintiff do not meet the Kaplan test of exclusive control. DCI argues that the question of exclusive control is a question which should be submitted to the jury. One of the tests the court must use in deciding Motions for Summary Judgments is whether "on the same facts, a party would be entitled to a directed verdict." Sandborn v. Greenwald, 39 Conn. App. 289
(1995). The court is satisfied that both CK and Horton are entitled to a directed verdict in this case. Finally, in viewing the facts in the light most favorable to the nonmoving party, the court is compelled to grant the third party defendants motions for Summary Judgment as there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Honan v. Green 37 Conn. App. 137 (1995).
PELLEGRINO, J.