[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6643
Jose DePina, Augusto DePina, Angel Cruz, John Morales and John Ramsey filed a lawsuit against Don Lee arising out of an automobile collision that occurred on March 17, 1995 in West Haven, Connecticut. The defendant, Don Lee, filed a counterclaim dated August 2, 1996 against Jose DePina.
Pursuant to Connecticut Practice Book Section 151, the plaintiff, Jose DePina, moves to strike the second count of the defendant's, Don Lee's, counterclaim and corresponding prayer for indemnification dated August 2, 1996. The plaintiff claims that the defendant fails to allege all the elements of a cause of action in indemnification.
A motion to strike tests the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988).
A claim for indemnification "involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 412 (1965). "Ordinarily there is no right of indemnity . . . between joint tort-feasors." Id. "Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury." Preferred Accident Insurance Co. v.Musante, Berman and Steinberg Co., Inc., 133 Conn. 536, 543
(1947). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990). "[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought." Burkert, 216 Conn. at 74(citing Kaplan v. Merberg Wrecking Corp., 152 Conn. at 415). CT Page 6644
Proof of active or primary negligence requires a party to establish four separate elements: (1) the other tortfeasor was negligent; (2) the other tortfeasor's negligence rather than another's was the direct, immediate cause of the accident and the resulting injuries; (3) the other tortfeasor had exclusive control over the situation; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it and could reasonably have relied on the other party to act without negligence. Kaplan v. MerbergWrecking Corp., 152 Conn. at 416. In addition, a fifth element was set forth by the Appellate Court. "[I]n order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. "Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990). SinceAtkinson is binding upon the Superior Court until overruled, an independent legal relationship is needed to support a claim for indemnification under active/passive negligence.
Since the defendant's counterclaim has failed to set forth facts sufficient to support an independent legal relationship owed to the defendant by the plaintiff, the defendant has failed to properly allege a claim for indemnification. Therefore, the plaintiff's motion to strike the second count and the corresponding prayer for indemnification in the defendant's counterclaim is granted.
L. SCOTT MELVILLE, JUDGE