[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third-party defendant, The Connecticut Light and Power Company ("CLP"), has moved to strike the third-party complaint brought against it by the third-party plaintiff Schlumberger Technologies, Inc.("Schlumberger") on the grounds that the third party complaint fails to state a cause of action for indemnification, the only theory alleged, because it does not allege a duty owed by CLP to Schlumberger.
Pleadings
This action arises from a fire that occurred at the Griswold Middle School on June 15, 1998, located in Rocky Hill, Connecticut. The Plaintiff, Town of Rocky Hill, alleges that a defect in a current transformer manufactured and distributed by Defendant/Third Party Plaintiff, Schlumberger Technologies ("Schlumberger"), and located in the school's main electrical switchboard, caused the fire.
On December 20, 2000, Schlumberger moved to implead the Connecticut Light and Power Company ("CLP"), alleging that CLP was responsible for the subject fire due to improper installation or maintenance of the electrical switchboard where the fire originated. Impleader was granted by the court, Fineberg, J., on January 22, 2001. The third-party complaint alleges, in pertinent part:
 6. If Plaintiff sustained damages from the subject fire, as alleged, CLP is liable for any damages in that:
 a. CLP negligently installed the main electrical switchboard in which the fire originated; and/or
 b. CLP negligently maintained the main electrical switchboard in which the fire originated; and/or
 c. CLP negligently failed to regularly inspect and/or test the wiring and components of the main electrical switchboard, to prevent a fire from occurring in the manner alleged herein; and CT Page 12909
 d. CLP failed under all the circumstances existing on or before June 15, 1998 to take reasonable and proper precautions to avoid a potential fire and resulting harm to Plaintiff's property.
 7. CLP was in control of the Plaintiff's main electrical switchboard to the exlusion of the defendant.
 8. The Defendant had no reason to know of CLP's negligence, no reason to anticipate it, and could reasonably rely upon CLP to avoid the negligent conduct specified herein.
Schlumberger maintains that its claim is authorized under Section52-577a(b) of the General Statutes; and that its allegations properly state a claim for indemnification in a product liability action, as articulated in Malerba v. Cessna Aircraft Company, 210 Conn. 189,554 A.2d 287 (1989).
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
Schlumberger correctly points out that Connecticut General Statutes § 52-577a(b) provides that in any product liability claim ". . . a product seller may implead any third party who is or may be liable for all or part of the claimant's claim. . . ." thereby authorizing claims for indemnification and contribution. However, Schlumberger has does not seek contribution, only indemnification. "Indemnification claims reimbursement CT Page 12910 in full from one primarily liable, while contribution claims reimbursement of a share of a payment made by one tortfeasor that was attributable to a joint tortfeasor." United States v. Yale New HavenHospital, 727 F. Sup. 784, 786 n. 2 (D.Conn. 1990).
CLP has relied on Therrien v. Safeguard Mfg. Co., 180 Conn. 91,429 A.2d 808 (1980), to support its argument that there must be a duty running from the third-party defendant to the third party plaintiff before there can be a common-law cause of action for indemnification. InTherrien, the plaintiff was injured when a chain on a hand guard of a press broke and the plaintiff's hand was crushed. The plaintiff was employed by the Torin Corporation (Torin). The guard was manufactured by the Safeguard Manufacturing Company (Safeguard). The plaintiff sued Safeguard claiming that it had designed the guard in such a manner that press operator's hands could become trapped. Safeguard subsequently filed a third party complaint against Torin, alleging that Torin was liable to it for any loss resulting from the plaintiff's injury. Safeguard specifically alleged that the plaintiff's accident "was caused by Torin's breach of its obligation to Safeguard to regulate, adjust, maintain and inspect [the] guard."
In Therrien Safeguard did not allege a common-law indemnification claim. Instead, it alleged an implied contract which imposed duties on Torin. The Supreme Court held that Safeguard's third party complaint failed to state a legally sufficient cause of action, in essence, because it found no implied contractual duty running from a purchaser to a manufacturer.
The distinction between this case and Therrien lies in Safeguard's failure to allege active negligence on the part of Torin.:
 If Torin's alleged failure to comply with indicated requirements for adjustment, inspection and maintenance of the defective pullout guard could be said to be tortious, its misconduct as a joint tortfeasor would not obligate it to indemnify Safeguard, since there is no contribution under Connecticut law between joint tortfeasors Gomeau v. Forrest, 176 Conn. 523, 524-25, 409 A.2d 1006 (1979); unless the person from whom contribution is sought is the actively negligent party. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411-12, 207 A.2d 732
(1965); Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 542, 52 A.2d 862
(1947). This too the third-party complaint fails to allege.
CT Page 12911
180 Conn. at 95-96. Emphasis added.
The foregoing language appears contrary to the conclusion of the court in Robillard v. Asahi Chemical Industry Co., 44 Conn. Sup. 510,695 A.2d 1087 (1995), and relied on by the plaintiff CLP, that an indemnification claim requires a duty from the indemnitor to the indemnitee. It clearly implies that a tortfeasor, who may well not owe any duty to his joint tortfeasor, may recover in indemnification as long as the negligence of the joint tortfeasor is active while that of the tortfeasor-indemnitee is passive. Schlumberger has alleged active negligence by CLP. The allegations of the third-party complaint appear to satisfy the requirements of Therrien and Malerba. Therefore, the Motion to Strike is denied.
By the court,
Aurigemma, J.